S. L. KNAPPEN and another *vs.* PETER P. SWENSEN.

February 11, 1889.

**Review of Order granting New Trial on the Evidence.** — The rule stated in *Hicks* v. *Stone,* 13 Minn. 398, (434,) that an order granting a new trial for insufficiency of the evidence, will not be reversed, unless the evidence is manifestly and palpably in favor of the verdict, applies, although the trial was by the court without a jury.

Appeal by plaintiffs from an order of the municipal court of Minneapolis, granting a new trial, after trial by the court. The action was for the value of goods, the alleged property of plaintiffs, attached by the defendant, sheriff of Hennepin county, as the property of one Hass, from whom plaintiffs claimed to have purchased them prior to the attachment.

*Knappen & Wright,* for appellants.

*C. H. Childs,* for respondent.

GILFILLAN, C. J. The motion for a new trial in the court below was made upon four grounds, three of which were not well founded. The fourth, to wit, that the decision is not justified by the evidence, is the only one on which the order granting a new trial can be sustained. Although the cause was tried by the court, and not by a jury, we think the rule in *Hicks* v. *Stone,* 13 Minn. 398, (434,) that an order granting a new trial for insufficiency of the evidence will not be reversed unless the evidence is manifestly and palpably in favor of the verdict, applies. Where the cause was decided as to the facts by the court itself, it has, when called on to review the evidence on a motion for a new trial, the same facilities, beyond what this court can have, to estimate the effect naturally produced on the

mind by the evidence and conduct of the trial, and for forming a judgment on the merits of the controversy, that it has where the issues of fact were tried by a jury. On an examination of the evidence it does not appear manifestly and palpably in favor of the decision. On the transfer of the property claimed by plaintiffs to have been made to them, it was left in the apparent possession and control of the seller, as fully as it was in his possession and control before the alleged transfer. If there can be said to have been any change of possession, it was merely a constructive, not an actual, change. This made it necessary for the plaintiffs to remove the presumption of fraudulent intent, which, as in favor of creditors, or subsequent purchasers, attaches to sales of goods and chattels not followed by an actual and continued change of possession. The evidence on the question of good faith in the sale was very far from being satisfactory. It is true there was no evidence that the plaintiff in the writ under which the defendant took the goods was a creditor at the time of the alleged transfer to these plaintiffs, and also that the stipulation in open court at the beginning of the trial, as to what were the issues to be tried, if taken literally, did not dispense with the production of such evidence. But from it, and the record of the trial, we are satisfied that the cause was tried on the theory that it conceded the fact.

Order affirmed.