OLE J. VAULE v. ANDREW STEENERSON.[1]

December 3, 1895.

Nos. 9681—(209).

**Joinder of Causes of Action—Demurrer.**

Held, as against a general demurrer to a complaint in which plaintiff attempted to set forth two distinct causes of action, that, as to the first, the demurrer was not well taken.

**Same.**

Assuming, as contended by plaintiff, and as we must assume when disposing of one of the grounds of the demurrer,—namely, that several causes of action were improperly united,—that sufficient facts were alleged to constitute the second cause of action, it is held that the first and second causes were improperly united in the complaint.

**Same.**

Although separately stated causes of action may arise out of transactions connected with the same subject of action, they cannot be united in the complaint if inconsistent with each other and contradictory.

Appeal by plaintiff from an order of the district court for Polk county, Ives, J., sustaining a demurrer to the complaint. Affirmed.

The complaint alleged that one Ludvig Olson recovered judgment against one M. Losey for $42.77, costs and disbursements in a certain action; and that plaintiff was attorney therein for said Olson and that it was agreed between them that plaintiff should have the costs and disbursements in said action for his attorney's fees, whereby plaintiff had a lien on said judgment. The other allegations of the complaint, so far as material, were as follows: "That on the 7th day of February,

1 Reported in 65 N. W. 257.

1895, an execution against the property of the said M. Losey was issued upon the said judgment and directed and delivered to defendant as sheriff aforesaid; that on that day said M. Losey had sufficient property in said county out of which said execution might have been satisfied, of which defendant had notice. That defendant neglected and refused to make levy upon the property of said M. Losey, or any part thereof, as by said execution he was directed to do, and that on the 15th day of February, 1895, he wrongfully and unlawfully returned said execution wholly unsatisfied, to plaintiff's damage one hundred and ten dollars. For a second cause of action plaintiff alleges that on the 7th day of February, 1895, defendant wrongfully and unlawfully levied a certain execution issued against the property of the said Ludvig Olson upon the judgment aforesaid; that on said 7th day of February, 1895, plaintiff notified defendant of his lien aforesaid, and served on him an affidavit setting forth the facts regarding said lien as aforesaid; that afterwards defendant collected said judgment under and by virtue of said levy, and wrongfully and unlawfully converted said judgment to his own use, to plaintiff's damage one hundred and ten dollars."

*Ole J. Vaule*, appellant, pro se.

*H. Steenerson* and *W. E. Rowe*, for respondent.

COLLINS, J. The plaintiff herein attempted to set forth two distinct causes of action in his complaint, and the defendant demurred upon two grounds: First, that several causes of action were improperly united; and, second, that the complaint did not state facts sufficient to constitute a cause of action. The court below sustained the demurrer.

1. We are of the opinion that, as to the first cause of action, as alleged, the general demurrer to the complaint as a whole was not well taken; for, while the averments might have been more explicit, enough appeared to constitute a cause of action against defendant as sheriff of his county for wrongfully and unlawfully refusing and neglecting to levy upon and seize property then within his jurisdiction, by virtue of an execution duly issued, directed, and delivered to him as such sheriff, and thereafter returning said execution wholly unsatisfied.

2. Assuming, as is contended by plaintiff (appellant), and as we must assume when disposing of the demurrer upon the first ground.

stated, that sufficient facts were alleged to constitute the second cause of action, the two causes of action were improperly united, and for this reason the order appealed from must be affirmed. The first cause of action was for defendant's neglect and refusal to make a levy by virtue of the execution in his hands, duly issued upon a certain judgment; the second was for wrongfully and unlawfully levying another execution, also in his hands for service, upon the same judgment, and appropriating the proceeds thereof. Even if it could be held that these two causes arose out of transactions connected with the same subject of action, it is evident that they were inconsistent with each other and contradictory, so that they could not be united in the same action. See Moak, Van Santvoord, Pl. 186, 187, and cases cited.

Although less than $100 was involved herein, counsel for both parties disregarded rule 15 (44 Minn. xix., 44 N. W. iv.), and caused the case to be set down for oral argument. For this reason no statutory costs will be allowed the prevailing party.

Order affirmed.