J. THOMPSON & SONS MANUFACTURING COMPANY v. CHARLES J. FERCH and Another.

January 19, 1900.

Nos. 11,906—(177).

**Offer of Judgment.**

The right of a defendant to offer that judgment may be taken and entered against him in a pending action is purely statutory. It is created, in this state, in actions brought in justice's court, by G. S. 1894, § 4976, and in actions pending in district court by section 5405.

**Same—Municipal Courts—Laws 1895, c. 229.**

Neither of these sections is applicable or of any force in actions brought in municipal courts established in accordance with the terms of Laws 1895, c. 229.

**Taxation of Costs in District Court.**

To obtain the reversal in this court of a judgment on the ground that the judge of a district court erred when, on appeal from the clerk's taxation of costs and disbursements, he held that a defendant was not entitled to costs and disbursements, under the last clause of G. S. 1894, § 5511, it must be clearly made to appear from the record that the amount originally recovered by the plaintiff was reduced more than one-half on appeal to the district court, or that the defendant was the successful party on the only matter litigated in the action.

**Violation of Court Rule 15.**

When counsel for both parties set a case down for oral argument in disregard of rule 15, statutory costs will not be allowed to the prevailing party.

In the municipal court of Ortonville plaintiff recovered judgment against defendants for $52.25, and defendants appealed on questions of law and fact to the district court for Big Stone county. In the district court the trial resulted in a verdict in favor of plaintiff for $30.05, and judgment was entered thereon, wherein plaintiff's costs and disbursements were taxed at $34.75. From the clerk's taxation defendants appealed to the court, C. L. Brown, J., which made an order affirming the taxation; and from the judgment and order of affirmance, defendants appealed to the supreme court. Affirmed.

*A. B. Kaercher*, for appellants.

*F. L. Cliff*, for respondent.

COLLINS, J.[1]

This was an action brought in the municipal court for the city of Ortonville to recover $45.73, alleged to be the balance due upon two promissory notes, and on account of goods, wares, and merchandise sold and delivered. The court in question was organized under the

[1] BROWN, J., having, when district judge, made the order affirming the clerk's taxation, took no part therein.

provisions of Laws 1895, c. 229, the general law relating to the establishment of municipal courts in certain cities, and its powers are found enumerated in that chapter. Before answering to the complaint, the defendants filed a written offer that judgment might be taken and entered against them, on account of the claim made for a balance due for goods, wares, and merchandise sold and delivered, for $30.93, with interest and costs, but this offer was not accepted. Defendants then answered, setting up a counterclaim. The trial resulted in plaintiff's favor in the sum of $41.15, and $11.10 costs and disbursements. The defendants then appealed to the district court on questions of both law and fact, where the verdict was for $30.05 in favor of the plaintiff,—a few cents less than the amount of the offer for judgment. Costs and disbursements were then taxed against defendants by the clerk, and on appeal the clerk's taxation was affirmed by the judge of the district court. This appeal is from the judgment.

1. It is contended by defendants' counsel that their offer for judgment, which was made by virtue of G. S. 1894, § 4976,—a section which relates to justice's court,—precluded plaintiff from recovering costs and disbursements accruing subsequently, because the recovery in district court was for an amount less than that offered; and he also contends that, by virtue of section 5405, one of the general provisions relating to district courts, the result must be the same. But if it should be admitted that the provisions of the last-mentioned section apply to actions instituted in municipal courts organized under chapter 229, supra, the admission would be of no value to defendants, because the terms of that section were not complied with in the matter of service of the offer upon plaintiff.

In an action brought in justice's court, the statute is complied with by filing the offer in court, but, if the offer is made in an action brought in district court, it must be served on the adverse party. There is nothing of record to show that the offer was served, and, in fact, it requires some relaxation of the rule laid down in respect to returns to this court for us to hold that it appears that it was ever filed in the municipal court. But this is not very material, for there is nothing in the municipal court act which will justify us in holding that either of these sections applies to actions

brought in municipal courts. There is no special provision in chapter 229 which incorporates either section into it, and there is no general provision by the terms of which it can be held that the procedure in district court, or in justice's court, in respect to offers for judgment, should be followed. or be in force in courts organized under that act. Chapter 229 is wholly silent upon the subject, although it is evident it ought not to be. It is an unfortunate omission, for a defendant should have the privilege of making an offer of judgment at any stage of the proceedings, and thus prevent the accumulation of costs against him. But the right does not exist at common law, is wholly statutory, and not provided for, directly or indirectly, in chapter 229 or elsewhere. Because of this defect in the statute, the offer was without effect, and plaintiff was entitled to its costs and disbursements.

2. As we understand counsel for defendants, he makes the further claim that the last clause of G. S. 1894, § 5511, applies to actions brought to the district court on appeal from the municipal court in question, and, on the facts, that the clerk of the district court should have taxed costs and disbursements in favor of his clients. It is probably true that, by reason of sections 19 and 38 of chapter 229, the provisions of section 5511 are applicable, in a proper case; but it is evident that the recovery in the municipal court was not reduced one-half on appeal to the district court, nor does it appear from the record that defendants were the successful parties on the only matter litigated in the action. To have the benefit of section 5511, this must be clearly made to appear by the record.

3. Counsel for both parties disregarded rule 15, and caused the case to be set down for oral argument, although the amount involved was less than $100. For this reason, no statutory costs will be allowed to the prevailing party. Vaule v. Steenerson, 63 Minn. 110, 65 N. W. 257.

Judgment affirmed.