GEORGE JENKINSON v. JOHN KOESTER.[1]

May 9, 1902.

Nos. 12,918—(52).

**New Trial—Verdict not Sustained by Evidence.**

Order granting a new trial, after verdict for plaintiff, on the ground that the evidence is insufficient to sustain the verdict, sustained, under the rule laid down in Hicks v. Stone, 13 Minn. 398 (434).

**Judge's Memorandum Disregarded on Appeal.**

Memorandum of the trial court assigning reasons for an order granting or refusing a new trial which is not made a part of such order cannot be considered on appeal, in determining upon what ground the trial court based its order.

Action in the district court for Clay county to recover $2,000 for malicious prosecution. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of plaintiff for $100. From an order granting a motion for a new trial, plaintiff appealed. Affirmed.

*C. A. Nye*, for appellant.

*William Russell*, for respondent.

BROWN, J.

This was an action for malicious prosecution. Plaintiff had a verdict in the court below for the sum of $100, and appeals from an order of the trial court granting a new trial.

The order appealed from must be affirmed, as a discretionary order, under the now familiar rule, first announced in Hicks v. Stone, 13 Minn. 398 (434); it appearing that the motion for new trial was based upon the grounds, among others, that the verdict of the jury was not justified by the evidence, and it not appearing from the order of the trial court upon which ground the motion was granted. Langan v. Iverson, 78 Minn. 299, 80 N. W. 1051. It does, however, appear from the memorandum of the trial judge appended to his order granting a new trial that the same was not granted in the exercise of his discretion, but because, in his opin-

[1] Reported in 90 N. W. 382.

ion, the evidence was conclusive against plaintiff's right of recovery. We are all agreed that the learned trial judge is in error in that conclusion, for the evidence appears to us quite sufficient to take the case to the jury, and to sustain a verdict for plaintiff. But a majority of the court (the writer dissenting) hold, following former decisions of the court, that the memorandum, not having been expressly so made, is no part of the order of the trial court (Kertson v. Great Northern Exp. Co., 72 Minn. 378, 75 N. W. 600; Myers v. Chicago, St. P., M. & O. Ry. Co., 69 Minn. 476, 72 N. W. 694; Morrow v. St. Paul City Ry. Co., 65 Minn. 382, 67 N. W. 1002), and cannot be taken into consideration in determining upon what ground the trial court granted a new trial.

The order appealed from is affirmed, but as the cause was set down for oral argument, in violation of the rules of this court, no statutory costs will be allowed respondent. Vaule v. Steenerson, 63 Minn. 110, 65 N. W. 257; Taylor v. St. Paul City Ry. Co., 80 Minn. 331, 83 N. W. 189.

Order affirmed.