HERBERT W. PEARSON v. GREAT NORTHERN RAILWAY COMPANY.[1]

July 10, 1903.

Nos. 13,502—(154).

**Findings of Court.**

Upon submission of the evidence to the court in the trial of an issue of fact after disagreement of the jury, *held*, that its findings are sustained, and justify the conclusions of law based thereon.

**Judge's Memorandum.**

Under rule 9 of this court (33 Minn. xix), it is required to include in the return the reasons of the court for its decision, if any are filed; but such memorandum cannot be held on appeal to qualify, characterize, or limit the determination of the trial judge.  Following Jenkinson v. Koester, 86 Minn. 155, and previous cases cited therein.

Appeal by plaintiff from an order of the district court for Ramsey county, Kelly, J., denying a motion for a new trial.    Affirmed.

C. D. & Thos. D. O'Brien, for appellant.

C. Wellington and M. L. Countryman, for respondent.

[1] Reported in 95 N. W. 1113.

LOVELY, J.

This action is to recover for services which were, under plaintiff's claim, rendered in locating coal mines in Montana, reasonably near to defendant's line of railroad for its use. It was tried to a jury, who did not agree, and were discharged. The cause was afterwards, upon stipulation, submitted to the court upon the testimony received at the trial. There were findings of fact, upon which it was held, as a conclusion of law, that plaintiff was only entitled to recover $500 of the much larger sum than one million dollars demanded in the complaint. A new trial was denied. Plaintiff appeals.

Upon this review there can be no dispute that there was an agreement between the parties, under which plaintiff, who claimed to possess peculiar skill and advantages derived therefrom in locating coal fields, was to enter defendant's employment, and apply his expert knowledge therein to the discovery of new coal deposits, for which he would receive compensation at the rate of $200 per month as long as he was so engaged; and if he should discover, locate, and point out to defendant coal and coal mines, in case the deposits proved, upon examination, to be, in quantity, quality, and accessibility to defendant's road, suitable for its purposes, and it could obtain title thereto, it would pay plaintiff, as compensation, such further sum above $200 per month as would be reasonable and just, taking into consideration the value and amount of coal discovered. The trial court found that plaintiff immediately thereafter entered upon the performance of the services thus contracted for, and prosecuted the same in Montana, made maps, and designated places where coal was, in his judgment, to be found. In this work he was engaged for nine months. The court further found that the other allegations of the complaint (in which the skill of plaintiff, as set forth therein, as well as the claim that he was able to apply it to the location and discovery of new coal fields, is necessarily embraced) were not established, and held that he was entitled to recover no greater sum than the unpaid balance of the stipulated monthly services.

The record is quite lengthy, and embraces a presentation for plaintiff of his somewhat original unique theories of coal formation, through which he claimed at the trial to have made valuable discoveries as a geologist. These theories were combated by witnesses for the defense, and there was a decided conflict in the evidence upon this ques-

tion. There was also abundant testimony tending to show that coal at the places pointed out by plaintiff had previously been known to other parties, and that the discoveries of plaintiff were neither new nor valuable.

It was necessarily conceded by counsel for plaintiff on the argument that the findings of fact were supported by the evidence and sustained the conclusions of law, but it was insisted that, by reference to a memorandum of the court (not made a part of the findings), it appeared that the facts found were reached upon incorrect reasons, in which a too narrow view of the meaning of the words "discover, locate, and find," were adopted, and, as a result, full justice had not been accorded plaintiff's alleged discoveries; but the findings of fact upon which the decision rested, although in general terms, were amply sufficient to embrace every possible theory upon which plaintiff based his right to recover.

Plaintiff did not request additional findings, wherein might have been embraced, and thus presented for review, the specific grounds upon which the learned trial court reached the general conclusions it adopted. Under rule 9 of this court (33 Minn. xix), while it is necessary to include in the return the memorandum filed by the trial judge in connection with his decision, we have repeatedly held that such memorandum is no part of the decision itself, and cannot, on appeal, be considered to qualify and limit the result reached therein. Dunnell, Minn. Pr. § 1750; Jenkinson v. Koester, 86 Minn. 155, 90 N. W. 382, and cases cited.

The order appealed from is affirmed.