## HENRY E. KARNOFSKY v. WELLS-DICKEY COMPANY (NOW W.-D. HOLDING COMPANY).[1]

June 26, 1931.

No. 28,290.

[1]Reported in 237 N. W. 425.

564

*Stinchfield, Mackall, Crounse & McNally,* for appellant.
*William Furst,* for respondent.

DIBELL, J.

Action to recover money paid, upon rescission on the ground of fraud of the assignment of a mortgage by the defendant, the mortgagee, to the plaintiff. At the close of the plaintiff's testimony the action was dismissed on motion of the defendant. The plaintiff made a motion for a new trial upon the ground that the decision was not justified by the evidence; that it was contrary to law; and because of errors of law occurring at the trial. The motion was granted. The defendant appeals.

Neither the order granting the motion for a new trial nor the memorandum of the court appended stated that it was based exclusively upon errors of law. The statute provides that a first order granting a new trial is not appealable unless there is such a statement. G. S. 1923 (2 Mason, 1927) § 9498. The plaintiff moves to dismiss the appeal.

A brief tracing of the history of the right of appeal and our holdings upon the discretionary right of granting new trials is helpful in reaching the correct construction of the statute. In the beginning and until 1901, except for a year, an unrestricted right of appeal from an order granting a new trial was given by statute. L. 1856, p. 9, c. 5, § 18; L. 1867, p. 107, c. 63, § 1, amending G. S. 1866, c. 86, § 8(4); G. S. 1878, c. 86, § 8(4). The statute relative to new trials all along provided as it now provides, that "a ver-

dict, decision, or report may be vacated, and a new trial granted," and one ground is "that the verdict, decision, or report is not justified by the evidence." G. S. 1923 (2 Mason, 1927) § 9325.

The holding of the court was that the vacating of a decision and the granting of a new trial because of insufficiency of evidence was largely with the trial court and could not be reviewed on appeal except for abuse of discretion. It was so held in Marsh v. Webber, 13 Minn. 99, 103 (109). The court said that the application for a new trial, when the question was of the sufficiency of the evidence, was ordinarily to "a discretion which cannot be reviewed or overruled, unless clearly abused"; but it fell to Hicks v. Stone, 13 Minn. 398, 401 (434) where the opinion states that the testimony was "quite voluminous, occupying about 40 closely printed pages," to frame the rule in language that has carried down to the present. The court said that the opinion of the trial court granting a new trial was of great weight with the appellate court, and that it would not reverse simply because it would have sustained a different ruling, nor because the evidence reasonably supported the decision, nor because if it had heard the motion it would have denied it, "but if, upon a careful perusal of the testimony, and upon mature reflection, we feel satisfied that the preponderance of the evidence is manifestly and palpably in favor of the verdict, we should then deem it our duty to reverse an order granting a new trial." This rule has been consistently followed. 5 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 7155-7166; 1 Notes Minn. Rep. 532. It applies whether the trial is to a jury or to the court. Knappen v. Swensen, 40 Minn. 171, 41 N. W. 948.

In Marsh v. Webber, 13 Minn. 99, 103 (109) where the motion for a new trial was based on several grounds, insufficiency of evidence among them, and it did not appear on what ground it was granted, the court held that it could not reverse "unless it appears that there is no ground on which the order appealed from can be sustained." This rule was followed. Kertson v. G. N. Exp. Co. 72 Minn. 378, 75 N. W. 600; Langan v. Iverson, 78 Minn. 299, 80 N. W. 1051; Jenkinson v. Koester, 86 Minn. 155, 90 N. W. 382.

The result was that when a motion was made upon the ground of insufficiency of evidence and errors of law and the court gave no indication of the ground upon which it was granted, the losing party found his appeal of no avail if the trial court in the exercise of its discretion might have held the evidence insufficient; that is, unless the verdict was "manifestly and palpably" against the evidence. It was in view of this situation that L. 1901, p. 51, c. 46, was enacted amending the statute relative to the vacating of a verdict, report, or decision and granting a new trial by adding the following:

"Provided, that when a new trial is granted, under the provisions of this section, it shall not be presumed upon appeal that such new trial was granted upon the ground that the verdict, report or decision was not justified by the evidence, unless so expressly stated in the order granting such new trial or in a memorandum attached thereto."

While the statute is entirely plain, the notion that an appeal lay from an order granting a new trial where insufficiency of evidence was one of the grounds of the motion, and that the sufficiency of the evidence was reviewable on such appeal, was so imbedded in our decisions that the absence of the statement authorized by the statute, which if included in the order or memorandum would continue the presumption that insufficiency of evidence was a ground of the denial of the motion, caused remark in Halvorsen v. Moon & Kerr Lbr. Co. 87 Minn. 18, 91 N. W. 28. Of course its inclusion continued the presumption and right of review upon this one ground, and its absence prevented a review. In Fitger v. Guthrie, 89 Minn. 330, 94 N. W. 888, the statute was applied and followed afterwards. It was carried into R. L. 1905, § 4198(7) in this form:

"7. That the verdict, decision, or report is not justified by the evidence, or is contrary to law; but, unless it be so expressly stated in the order granting a new trial, it shall not be presumed, on appeal, to have been made on the ground that the verdict, decision, or report was not justified by the evidence."

By L. 1913, p. 699, c. 474, R. L. 1905, § 4365, which stated the cases in which an appeal might be taken, was amended as to subd. 4 thereof so as to read as follows, and thereby the right of appeal further limited:

"4. From an order refusing a new trial, or from an order sustaining a demurrer, provided that when an order granting a new trial is based exclusively upon errors occurring at the trial and it is so expressly stated in the order or memorandum of the trial court, an appeal therefrom may be taken but in such case only.

"Provided further that where the trial court has once granted a new trial in the exercise of its discretion, on the ground that the evidence is not sufficient to support the verdict, an appeal may be taken from any subsequent order granting a new trial wholly or in part upon that ground."

This is the form of the statute applicable to the case before us. G. S. 1923 (2 Mason, 1927) § 9498. From what is said the line of travel from an unrestricted right of appeal to a limited one is shown. We are not concerned with L. 1931, p. 284, c. 252, enacted since the trial and appeal.

If we follow the wording of the applicable statute, the defendant's appeal does not lie. Our uniform holding has been that there can be no appeal from the first order granting a new trial unless upon strict compliance with the statute. 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 300. It is urged that the statute does not apply because there was no verdict and no exercise of discretion by the trial court; and the argument is that in granting the motion the court passed upon a question of law only and therefore there is nothing in the record for review but an error of law. If the court instead of granting a dismissal had directed a verdict for the defendant on the same evidence, no question would be made that its order granting a new trial would not be appealable. We appreciate the force of the defendant's argument. We need not commit ourselves to the proposition that in granting a new trial after a motion to dismiss has been granted there is no discretion (see 5 Dunnell,

Minn. Dig. [2 ed. & Supp.] § 7163, § 7166) while there would be if a verdict was directed or found by a jury, for the situation presented is within the wording of the statute. To avoid holding it applicable requires a technical line of reasoning and some straining. We follow the wording of the statute and hold that the order is not appealable.

Appeal dismissed.

[1]Reported in 237 N. W. 598.