Rockne R. WAITE, et al., Appellants,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, et al., Respondents.

No. C3–83–752.

Supreme Court of Minnesota.

July 27, 1984.

Thomas J. Hartigan, St. Paul, for appellants.

Roger A. Jensen, St. Paul, for respondents.

SIMONETT, Justice.

The jury found that plaintiffs' answers on a health insurance application were false but did not materially affect the risk. We reverse the trial court's order for judgment notwithstanding the verdict but affirm the trial court's alternative ruling of a new trial.

In January 1980, plaintiff-appellants Rockne Waite and his wife Elaine applied for family health insurance with defendant-respondent American Family Mutual Insurance Company. Mr. Waite completed the medical history questions on the application form, answering (1) that Elaine, in the past 10 years, had not been treated for or had any known indications of chest pain or high blood pressure; (2) that she was not taking medication; and (3) that Elaine, in the past 5 years, had not had a check-up, consultation, electrocardiogram, or X-ray or had been advised to have a diagnostic test.

These answers were not correct. Elaine had a documented history of high blood pressure, including removal of a kidney at age 12 to relieve hypertension. The family

doctor had diagnosed Elaine as having high blood pressure in 1973, 1975, 1978, and three times in 1979, for which medication was prescribed and taken by her. In June, July, and again in December 1979, just 16 days before the insurance application was completed, Elaine visited her family doctor with complaints of chest pain and shortness of breath. Twice in 1979 she had X-rays of her heart and chest and in December of 1979 she had an electrocardiogram.

Following issuance of the insurance policy in January 1980, Elaine continued to experience chest pains and, in May of that year, underwent a double bypass of her coronary arteries. Mr. and Mrs. Waite sued under their policy for the incurred medical expenses of some $20,000. American Family defended on two grounds, namely, (1) that its policy excluded coverage for a sickness which first manifested itself before Elaine became an insured, and (2) that, under Minn.Stat. § 62A.06, subd. 3 (1982), there is no recovery where any false statement in the policy application materially affects acceptance of the risk.

At the trial, plaintiffs' family physician, Dr. Nelson, testified that prior to January 1980, he had diagnosed Mrs. Waite's chest pains as pleurisy. He observed that the electrocardiogram taken on December 17, 1979, less than a month before the insurance application, was normal, that the earlier X-rays were negative, and that Mrs. Waite was only 30 years old. Through December 17, it was his diagnosis that his patient did not have coronary artery disease but did have hypertension, and he says he so told Mrs. Waite. Mrs. Waite denied she knew she had high blood pressure. She said she thought she had pleurisy and that her medication was a diuretic for an overweight condition.

In answering the three questions in its verdict, the jury found, first, that the coronary artery disease for which Mrs. Waite had bypass surgery did not manifest itself before January 2, 1980; second, that the insurance application form, as answered, was false; but, third, that the falsity did not materially affect American Family's de-

cision to insure Mrs. Waite. In post-trial motions, the trial judge agreed the jury's first two findings were supported in the evidence, but held there was no evidence to support the jury's third finding, namely, that the false statements had not materially affected the acceptance of the insurance risk. On this ground, the court granted defendant judgment notwithstanding the verdict.

 1. We hold that there is sufficient evidence to sustain the jury's third finding, and we reverse the judgment notwithstanding the verdict. On appeal from an order for judgment notwithstanding the verdict, the evidence is viewed in the light most favorable to the jurors' findings, and the contrary judgment is affirmed only if reasonable minds could not differ that the jury's conclusion was wrong. *E.g., Brown v. Arthur Schuster, Inc.,* 300 Minn. 106, 217 N.W.2d 850 (1974).

 Generally, when reviewing cases of this type, "this court has been unwilling to hold that failure to record occasional visits to a doctor about apparently minor disturbances is a sufficient reason to deny recovery under these policies." *Blazek v. North American Life & Casualty Co.,* 251 Minn. 130, 137, 87 N.W.2d 36, 42 (1957). Except in rare instances, we prefer "leaving it to the jury to determine the severity of the ailment and its effect upon the acceptance of the risk." *Id.* In this case we think the issue of whether the false application answers materially affected the risk was properly left to the jury, and the jury's finding that the falsity did not materially affect American Family's acceptance of the risk is sustained by the evidence. Jeffrey Stone, the insurer's underwriter, testified that if the application form had been correctly answered, the insurer would have done "an in-depth analysis," and if the result had been "the information that's been provided here in this proceedings," a policy would not have been issued. If the application had been correctly answered, however, and American Family had then talked to

Dr. Nelson, it would have learned, among other things, that Mrs. Waite had pleurisy, borderline hypertension, and a current, normal electrocardiogram. Mr. Stone conceded these were factors the insurer would have considered. A jury is not required to accept even uncontradicted testimony if improbable or if surrounding facts and circumstances afford reasonable grounds for doubting its credibility. *Blazek*, 251 Minn. at 138–39, 87 N.W.2d at 43. On this record, we do not think it can be said as a matter of law the false answers in the application materially affected the risk. It was error, therefore, to grant judgment notwithstanding the verdict.

■ 2. Although we find there was evidence to sustain the jury's verdict, we agree with the trial court's alternative order granting a new trial. Following *Blazek*, the judge instructed the jury that "if the matters [asked about in the application] are considered to be trivial in nature here, or temporary, or unimportant matters, they are not considered a falsity as far as an application." It is unclear if the jury, in finding the application to be false, applied the definition of falsity from the judge's instruction or instead applied a literal notion of falsity as meaning any untrue statement. It would seem the latter because the jury first found that Mrs. Waite's coronary artery disease had not manifested itself at the time the application was completed. During its deliberations the jury asked the court for clarification on what the third special verdict question meant by falsity which "materially affects" the acceptance of the risk. It seems evident to us the jury was confused about how to reconcile the concepts of falsity and materiality as used in the verdict form with the instructions it had received. As in *Conover v. Northern States Power Co.*, 313 N.W.2d 397 (1981), we here defer to the trial court's discretionary grant of the alternative new trial motion since the verdict is clearly suspect.

Reversed in part and affirmed in part.