Wesley M. HAUGEN, Respondent,

v.

INTERNATIONAL TRANSPORT, INC.,
Defendant and Third Party
Plaintiff, Appellant,

v.

ILLINOIS YARD SERVICE, LTD.,
Third Party Defendant,
Respondent.

No. C0-84-1304.

Court of Appeals of Minnesota.

March 19, 1985.

Lynn J. Hummel, Benshoof, Hummel, Sinclair, Schurman, Pearson, Evans & Hunt, P.A., Detroit Lakes, for Wesley M. Haugen.

Frederic N. Brown, Brown & Bins, Rochester, for International Transport, Inc.

Charles F. Angel, O'Brien, Ehrick, Wolf, Deaner & Downing, Rochester, for Illinois Yard Service, Ltd.

Heard, considered and decided by LANSING, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Plaintiff Wesley M. Haugen brought this action against defendant International

Transport, Inc. alleging it negligently caused him to suffer personal injuries. International Transport brought a third party action for indemnity or contribution against Illinois Yard Service. After a trial the jury returned a special verdict finding all parties negligent but finding that their negligence did not cause Haugen's injuries. Haugen moved for a new trial or for judgment n.o.v. The trial court denied the motion for judgment n.o.v. but granted plaintiff a new trial. International Transport appeals from the order granting a new trial. We dismiss the appeal and remand for a new trial.

## FACTS

Wesley Haugen suffered personal injuries when he fell from a cage mounted on a forklift while covering a semi-truck trailer with a tarp. The accident occurred at defendant International Transport's trucking terminal in Channohon, Illinois. Third party defendant Illinois Yard operated and controlled the safety lane where the accident occurred.

The parties offered conflicting evidence on the cause of the accident. Haugen's evidence suggested the metal cage was negligently designed, allowing it to shift while mounted on the forklift. International Transport and Illinois Yard contended that the cage was properly designed and that Haugen's negligence caused him to fall.

The jury found all parties negligent, but it found none of the parties' negligence caused plaintiff's injuries. The trial court granted plaintiff's motion for a new trial, stating in its memorandum the following reason:

> The Court finds that it is unable to reconcile the answers of the jury. The answers indicate to the Court that the jury lacked sufficient understanding as to what was meant by direct cause.

## ISSUE

Is an order granting a new trial appealable when the trial court bases the order on the inconsistency of the jury's special verdict findings?

## ANALYSIS

■ Under Minn.R.Civ.App.P. 103.03(d) a party may appeal from an order granting a new trial "if the trial court expressly states therein, or in a memorandum attached thereto, that the order is based exclusively upon errors of law occurring at the trial, and upon no other ground; * * *" Rule 103.03(d) expresses the rule followed by the courts before the adoption of the rules of civil appellate procedure. *See Spicer v. Stebbins,* 184 Minn. 77, 237 N.W. 844 (1931); *Karnofsky v. Wells-Dickey Co.,* 183 Minn. 563, 237 N.W. 425 (1931). The supreme court has repeatedly held that an order granting a new trial is not appealable if a trial court exercised its judicial discretion. *Koenigs v. Werner,* 263 Minn. 80, 116 N.W.2d 73 (1962). This rule prohibits review even when an appellate court has only the slightest doubt that a trial court exercised discretion. *Satter v. Turner,* 257 Minn. 145, 100 N.W.2d 660 (1960); *Von Bank v. Mayer,* 239 Minn. 492, 59 N.W.2d 307 (1953).

■ The question on appeal is whether inconsistent answers are an error occurring at trial, or, in other words, whether an order for a new trial based on inconsistent answers may involve the exercise of judicial discretion. Appellant International Transport relies upon *O'Brien v. Wendt,* 295 N.W.2d 367 (Minn.1980) where the plaintiffs requested numerous remedies, alleging the defendants defrauded them in a series of real estate transactions. The jury returned a verdict finding fraud and assessing damages but denying other relief. The trial court ordered a new trial stating the jury's answers to the special verdict interrogatories were inconsistent, making preparation of findings of fact and conclusions of law impossible. The supreme court held the new trial order appealable, stating:

> While it is not necessary that the trial court employ the exact language of [Rule 103.03(d)] in its order or memorandum,

* * * review is permissible at this stage of the proceedings only if it can be determined that the basis of the order is an error of law occurring at the trial. * * * From the complete record, we interpret the trial court's action as awarding a new trial on the basis of errors of law and thus the appeal is in order and timely.

*Id.* at 370 (citations omitted). The court went on to reverse the order granting the new trial, concluding that the verdict was not inconsistent.

Notwithstanding the similarity between this case and *O'Brien,* we hold the new trial order is not appealable. The supreme court has generally allowed trial courts broad discretion to handle inconsistent verdicts. *See, e.g., Peterson v. Haule,* 304 Minn. 160, 174–75, 230 N.W.2d 51, 60 (1975). In *Meinke v. Lewandowski,* 306 Minn. 406, 237 N.W.2d 387 (1975) the court said:

> Although Rule 49.01, Rules of Civil Procedure, does not specify the procedure to be followed by a trial judge when a jury returns inconsistent answers to a special verdict, a substantial body of case law in Minnesota and other jurisdictions defines the alternative courses available to the judge and *the broad considerations which should guide his exercise of discretion in choosing among the alternatives and implementing his choice.* Because our examination of the problems presented by inconsistent verdicts in this case and others indicates that the adoption of any specific rules would thwart the interests of justice by precluding flexibility to choose a resolution tailored to the circumstances of each case, *we decline to adopt the rule urged by plaintiff—that a new trial must be granted in every case where a jury returns inconsistent answers.*

*Id.* at 411, 237 N.W.2d at 391 (emphasis added) (footnote omitted).

*Peterson, Meinke* and other decisions establish that trial courts have discretion when handling inconsistent special verdict answers. In this case the trial court appears to have used its discretion when it concluded the jury did not understand direct cause. In contrast, the *O'Brien* court found something in the record which it interpreted to be errors of law occurring at trial, but did not indicate what. We choose to follow the substantial authority holding that a trial court's resolution of inconsistent verdicts involves the exercise of discretion and we conclude that the order for a new trial is not appealable.

### DECISION

Appellant International Transport appealed from a non-appealable order granting a new trial. We dismiss the appeal and remand the matter for a new trial.