Wesley M. HAUGEN, Respondent,

v.

INTERNATIONAL TRANSPORT, INC., Petitioner, Appellant.

No. CO–84–1304.

Supreme Court of Minnesota.

Jan. 10, 1986.

Frederick N. Brown, James M. Lehman, Rochester, for appellant.

Lynn J. Hummel, Detroit Lakes, for respondent.

AMDAHL, Chief Justice.

Defendant, International Transport, Inc., appealed from a trial court order granting a new trial in a negligence action. The Minnesota Court of Appeals in dismissing the appeal ruled, pursuant to Minn.R.Civ. App.P. 103.03(d), that the order was not appealable because the trial court did not state, either in its order or in the accompanying memorandum, that the order was based exclusively upon errors of law occurring at trial. We affirm.

Plaintiff, Welsey M. Haugen, brought suit against defendant for personal injuries sustained in an accident at defendant's trucking terminal in Channahon, Illinois. The facts concerning the accident are adequately set forth in the court of appeals opinion and need not be repeated here. *See Haugen v. International Transport, Inc.,* 364 N.W.2d 484 (Minn.Ct.App.1985). After trial, the jury returned a special verdict finding that all parties were negligent but that no party's negligence was a direct cause of the accident. The trial court then granted plaintiff's motion for a new trial, stating that it was unable to reconcile the answers of the jury. The issue presented to this court is whether the trial court's order granting a new trial is appealable as of right.[1]

Under Rule 103.03(d), an appeal as of right may be taken to the court of appeals "from an order granting a new trial if the trial court expressly states therein, or in a memorandum attached thereto, that the order is based exclusively upon errors of law occurring at the trial, and upon no other ground; and the trial court shall specify such errors in its order or memorandum * * *." Review as of right is not available "if there is the slightest doubt" that the trial court exercised judicial discretion in issuing the order. *Satter v. Turner,* 257 Minn. 145, 157, 100 N.W.2d 660, 668 (1960); *Von Bank v. Mayer,* 239 Minn. 492, 495, 59 N.W.2d 307, 309

---

1. The Minnesota Rules of Civil Appellate Procedure provide two means of obtaining appellate review of trial court judgments and orders: discretionary review and appeal as of right. *See* Minn.R.Civ.App.P. 103 and 105. Defendant did not petition for discretionary review in the court of appeals.

(1953); *see also Koenigs v. Werner*, 263 Minn. 80, 83–84, 116 N.W.2d 73, 75 (1962). Thus, to be appealable as of right, the grant of a new trial must be based solely upon errors of law occurring at trial. Such errors of law involve rulings made and jury instructions given or refused by the trial court. *See* Cunningham, *Appealable Orders in Minnesota*, 37 Minn.L.Rev. 309, 343 (1953). The reasons the trial court gave for granting the new trial were that it concluded that the jury's findings were inconsistent and irreconcilable and that the jury appeared to lack an understanding of the meaning of "direct cause." [2]

▇ Regarding the first reason stated by the court, we note that some, but not all, determinations that jury findings are inconsistent involve errors of law. For example, when a jury finds that one defendant in a negligence action did not cause the plaintiff's damages but then apportions a percentage of liability to that defendant, the inconsistency in the special verdict answers can be identified as a matter of law. *See Lesmeister v. Dilly*, 330 N.W.2d 95 (Minn.1983); *see also O'Brien v. Wendt*, 295 N.W.2d 367 (Minn.1980). However, where the jury concludes that a defendant was negligent but that the negligence was not a direct cause of plaintiff's injuries, as is the case here, determining whether the special verdict answers are inconsistent generally does not involve a question of law. Determining whether an explanation exists that reconciles the answers depends in significant part upon the credibility of witnesses and the probative force and character of the evidence introduced, factors often not adequately portrayed in the record and generally within the discretion of the trial court. In this case, the trial court acted within its discretion in deter-

mining that there was no basis upon which to reconcile the special verdict answers. We therefore hold that the court's determination that the jury verdicts were inconsistent did not involve an error of law.

▇ Regarding the second reason stated by the court in granting the new trial, that the jury failed to understand the court's instruction on direct cause, we likewise conclude that it did not involve an error of law. We have indicated that granting a new trial because the jury failed to understand the instructions involves judicial discretion. *See Waite v. American Family Mutual Insurance Co.*, 352 N.W.2d 19 (Minn.1984); *McMillen v. Meyer*, 246 Minn. 132, 135, 74 N.W.2d 393, 395 (1956). In *Waite*, the plaintiff brought action to recover under a health policy, and the insurer defended on the ground of material misrepresentation in the plaintiff's application. In answering questions in its verdict, the jury found that the plaintiff's answers on the application were false but that the falsity did not materially affect the insurer's decision to insure the plaintiff. 352 N.W.2d at 21. The trial court entered an order granting the insurer judgment n.o.v. or, alternatively, a new trial. We affirmed the order only as to the granting of a new trial, stating:

Although we find there was evidence to sustain the jury's verdict, we agree with the trial court's alternative order granting a new trial. * * * It is unclear if the jury, in finding the application to be false, applied the definition of falsity from the judge's instruction or instead applied a literal notion of falsity as meaning any untrue statement. * * * During its deliberations the jury asked the court for clarification on what the third special verdict question meant by falsity which

---

2. The trial court in the memorandum accompanying its order for a new trial gave the following explanation of the order:

The court finds that it is unable to reconcile the answers of the jury. The answers indicate to the Court that the jury lacked sufficient understanding as to what was meant by direct cause.

The Court is aware of the recent decision of the Minnesota Supreme Court, *Hauenstein vs.*

*The [Loctite] Corporation.* That case has no application to the situation here for the reason that the Court in *Hauenstein* found a possible intervening cause as well as several plausible grounds upon which the answers to the special interrogatories could be reconciled. There is no intervening cause here nor basis upon which the answers of the jury may be reconciled.

"materially affects" the acceptance of the risk. It seems evident to us the jury was confused about how to reconcile the concepts of falsity and materiality as used in the verdict form with the instructions it had received. As in *Conover v. Northern States Power Co.*, 313 N.W.2d 397 (1981), we defer to the trial court's discretionary grant of the alternative new trial motion since the verdict is clearly suspect.

352 N.W.2d at 22.

■ In this case, after completion of the instructions to the jury at trial, one juror asked whether the jury could find that the accident was caused in any way other than that portrayed by the parties to the litigation. The question may have indicated to the trial court a lack of understanding as to the meaning of direct cause, and the court may have felt that its explanation in response was inadequate. Thus, it was in the court's discretion to grant a new trial on that basis.

■ Our conclusion that the justifications stated by the court in granting the new trial do not involve errors of law provides reason enough to affirm the court of appeals, since Rule 103.03(d) allows appeals as of right only when the new trial is granted "exclusively" upon errors of law. However, we affirm on another basis as well: the trial court did not indicate that it was granting the new trial solely upon the reasons given in its memorandum. We do not require that the exact language of the rule be employed for the grant of a new trial to be appealable. *O'Brien*, 295 N.W.2d at 370; *Weatherhead v. Burau*, 237 Minn. 325, 327, 54 N.W.2d 570, 571 (1952). We do require, however, that the order granting a new trial or the memorandum attached thereto must either contain the language in the rule or it must clearly appear therein that the new trial was granted upon no grounds other than specified errors of law occurring at trial. *Von Bank*, 239 Minn. at 495, 59 N.W.2d at 308–09. Language used in the memorandum must effectively eliminate "any grounds that might involve the exercise of judicial discretion." *Weatherhead*, 237 Minn. at 327, 54 N.W.2d at 571.

Defendant argues that our decision in *O'Brien v. Wendt*, 295 N.W.2d 367, requires review of the complete record in order to determine whether the order for new trial was based upon an error of law. We do not agree. Resolution of the dispute in *O'Brien* did not depend upon a review of the entire trial court record. Regardless of the language used in *O'Brien*, we did not hold there that determining the appealability of an order granting a new trial requires review of the complete record.

It is not the responsibility of—nor is it practical or feasible for—the appellate courts, unaided by any express or specific designation of the trial court, to painstakingly search the record for errors of law. Certainly it is not placing a great burden upon the trial court granting a new trial upon alleged errors of law committed by that court to specify, as Rule 103.03(d) requires, what those errors are. It is equally certain that if a party moves for a new trial on the basis of alleged errors of law, that party has the duty and responsibility of designating the errors so that the trial court can make an initial determination whether they are errors of law. When the parties to an action and the trial court meet their responsibilities, the appellate courts can then make the ultimate determination whether the alleged errors are errors of law. Lest there be confusion on this point, we make clear that the language of Rule 103.03(d) will be strictly applied; the appealability of an order granting a new trial will be determined only upon the errors specified in the order or in the accompanying memorandum.

We conclude that the court of appeals correctly applied Rule 103.03(d) and dismissed defendant's appeal.

Affirmed.

PETERSON, J., took no part in the consideration or decision of this case.