### F. E. BRYAN v. CAPITAL TRUST & SAVINGS BANK.

### M. B. R. GORDON, SUBSTITUTED DEFENDANT, RESPONDENT.[1]

January 16, 1920.

No. 21,511.

**Action upon bank check — burden of proof on plaintiff.**

A check payable to the order of defendant was delivered without indorsement to plaintiff, under an agreement that it should belong to plaintiff if the statements of defendant in a report made by him respecting a mine were not substantially corroborated by H. and M. In an action to recover the amount of the check, the burden of proving that the report had not been substantially corroborated by H. and M. rested upon the plaintiff, and he failed to sustain it.

Action in the district court for Hennepin county to recover $500 on a treasurer's check of defendant bank. The substituted defendant set up

[1]Reported in 175 N. W. 897.

a counterclaim for $7,500. The case was tried before Hanft, J., who made findings and ordered judgment in favor of defendant. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Woodlief Thomas* and *A. M. Higgins,* for appellant.

*Ambrose Tighe,* for respondent.

LEES, C.

On April 27, 1918, the Capital Trust & Savings Bank issued its treasurer's check for $500, payable to the order of respondent Gordon. On the same day he delivered it to appellant, Bryan, taking from him a receipt containing these words: "This cheque is to belong to Mr. Frederick E. Bryan and his associates, provided the statements in the report of said Gordon on the molybdenite property at Wilberforce, Ontario, a copy of which is hereto attached, are not substantially corroborated by Prof. Hoyt and Mr. J. E. Marcell." Attached to the receipt was a copy of the report referred to. It contained, among other statements, one to the effect that a carload of average ore had been taken from the property and shipped to a concentrating company, and that the returns from this car gave .396 molybdenite. Another was that there was no doubt in Gordon's mind that the whole body of ore would average at least eight pounds of molybdenite to the ton and that in many places the ore was much richer. The report recommended the installation of an oil flotation system in the mill in which the ore was to be ground and treated. Professor Hoyt and Mr. Marcell, after examining the property, met with Bryan and Gordon and made a report of the result of the examination. Subsequently Bryan demanded payment of the check. It was refused and he brought an action upon it against the bank. Gordon was interpleaded as defendant. The bank paid the money into court and the action then went to trial between Bryan and Gordon. Gordon testified that both Professor Hoyt and Mr. Marcell told him that in their examination of the property they found everything exactly as he had represented it.

Professor Hoyt testified that he submitted to Bryan a written report he had received showing the result of an assay of samples of crude ore, which he had taken to be used in certain flotation tests he made. The re-

port was in the form of a letter addressed to him by one W. B. Timm of the Department of Mines at Ottawa, Ontario, stating that the analysis of one sample of crude ore showed 22 per cent and of another 21 per cent molybdenite.

Gordon offered no evidence in his own behalf. The findings were in his favor and this appeal is from the judgment entered thereon.

The learned trial court was of the opinion that the receipt for the check required Bryan to show affirmatively and as a condition precedent to a recovery that the statements in the Gordon report were not substantially corroborated by Professor Hoyt and Mr. Marcell, and that there was a total failure of such proof.

Bryan contends that Gordon was not entitled to a return of the check, unless he showed affirmatively that the statements in his report had been substantially corroborated by Professor Hoyt and Mr. Marcell, and that he not only failed to make such proof, but that the testimony of Professor Hoyt and the letter from Mr. Timm established the falsity of his report with respect to the quality of the ore.

We hold that the trial court placed the correct interpretation upon the receipt. The check did not become Bryan's property when Gordon delivered it to him unindorsed. It was delivered to him to be held as security for the payment of the expenses of examining the property in case Professor Hoyt and Mr. Marcell found that Gordon's report was not substantially true. The burden of proof rested on Bryan, for the check was not to belong to him, unless Gordon's report was not substantially corroborated. It was essential to his case that he should prove a negative constituting part of the substantive cause of action upon which he seeks to recover. Brown v. Farnham, 58 Minn. 499, 501, 60 N. W. 344; Rotzien-Furber L. Co. v. Franson, 123 Minn. 122, 126, 143 N. W. 253; Dirks v. California Co. 136 Cal. 84, 68 Pac. 487; Jones, Evid. § 180. Professor Hoyt's testimony concerning the quality of the ore did not contradict Gordon's report on that subject. He testified that he made tests to determine whether the flotation system was suitable for the treatment of the ore; that he took samples of the ore and used them in connection with the flotation tests, and that practically nothing was done to determine the percentage of molybdenite in the ore.

The case comes to this: Bryan did not prove that Gordon's report had

not been substantially corroborated, and Gordon did not prove that it had been substantially corroborated. There could be no presumption either way, hence Bryan, having the burden of affirmatively establishing his cause of action, must fail.

We are of the opinion that the case was correctly disposed of and the judgment appealed from is hereby affirmed.