## O. J. ERTSGAARD v. DON P. BOWEN.[1]

May 8, 1931.

No. 28,471.

*Boutelle, Bowen & Flanagan,* for appellant.
*Victor M. Petersen,* for respondent.

STONE, J.

On quantum meruit, plaintiff, an attorney at law, had a verdict for $75 for professional services rendered defendant. Defendant appeals from the order denying his motion for a new trial.

One error assigned requires a reversal. Defendant claimed that the services were rendered upon the understanding that plaintiff would make no charge therefor. Over the objection and exception of defendant the jury was instructed that the burden was upon him to prove that the services were rendered gratuitously. That was wrong. Plaintiff relies upon an actual contract, albeit one expressed by the actions of the parties rather than their words, that is, a contract implied by the facts. The burden was upon plaintiff to establish every element of his case, and that burden remained with him throughout. 2 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 3469, 3470. So it was for him to prove (1) that the services were rendered; (2) under circumstances from which a promise to pay for them should be implied; and (3) their value.

The error came from a failure to distinguish between the burden of proof on an affirmative issue and a very different thing, the necessity at a given moment for going forward with the evidence. Plain-

[1] Reported in 237 N. W. 1.

tiff made a prima facie case. If the evidence had stopped there he could have recovered. Hence it was for defendant not to take up at that point the burden of proof on any essential of plaintiff's case, but only to go on with the evidence and to negative, if he could, the existence of any such essential. There was no affirmative defense based on something extraneous to the contract and its performance, such as payment or fraud. The defense was purely negative, i. e. that there was lacking one of the essentials of the contract, the promise to pay. Of the whole issue of the contract and its performance, plaintiff had the burden of proof and it remained on him to the end.

"The burden in every case rests on the litigant who has the affirmative of an issue * * *. It seems neither useful nor proper to inquire how he maintained this burden at any particular stage in the trial. The important consideration is: Where is he left when all the evidence is in? Does the fair preponderance thereof then establish the issues he by his pleadings undertook to establish?" McEleney v. Donovan, 119 Minn. 294, 300, 138 N. W. 306, 308.

The mistake here lay in taking from plaintiff's case one element and putting on defendant the burden of proving the negative, whereas the burden should have been put on plaintiff to establish the affirmative. Frequently has a plaintiff the burden of proving a negative. Bryan v. Capital T. & S. Bank, 144 Minn. 434, 175 N. W. 897. Here the burden was plaintiff's to prove a promise to pay, or conduct from which such a promise could be implied as of fact, and so to negative any agreement on his part to render the services gratuitously.

There must be a new trial. But there is no reason for disturbing the verdict so far as it settles the issues as to plaintiff's rendition of the services and their reasonable value. Those questions need not be reopened. The new trial should be confined to the one remaining issue whether the services were rendered gratuitously or upon an understanding that plaintiff should be paid therefor. The order appealed from must be reversed and the case remanded for a new trial of that issue and no other.

So ordered.