# NELS G. BACKSTROM v. NEW YORK LIFE INSURANCE COMPANY.[1]

August 26, 1932.

No. 29,099.

Oscar R. Knutson and H. O. Chommie, for plaintiff.

Doherty, Rumble, Bunn & Butler and R. O. Sullivan, for defendant.

PER CURIAM.

Plaintiff, respondent, moves to dismiss the appeal taken by defendant from the order setting aside the verdict and granting a new trial, on the ground that the appeal was not taken within 30 days after plaintiff served defendant with written notice of the order. The order was made and dated March 21, 1932. Plaintiff next day sent a copy of the order with written notice to defendant, and the latter by letter dated March 23 acknowledged receipt thereof; but the order was not filed with the clerk of the court until April 13, 1932. The appeal was taken May 12, 1932.

The district court is a court of record. It has a clerk. Its judgments, orders, and proceedings are entered and kept by the clerk

[1]Reported in 244 N. W. 64.

in books and files prescribed by G. S. 1923 (1 Mason, 1927) § 195. We need not consider whether an order of the court, not made in open court in the hearing of a case, has any force or effect before filed or made a matter of record by the clerk; but we do hold that no written notice of an order given by an adverse party can set the 30-day time limit running within which to take an appeal until the order is filed with the clerk. G. S. 1923 (2 Mason, 1927) § 9497, reads:

"An appeal from a judgment may be taken within six months after the entry thereof, and from an order within thirty days after written notice of the same from the adverse party."

A notice given prior to the order being filed with the clerk or entered in the minutes or records of the court must be considered premature and of no effect to limit the time within which to appeal. In Exley v. Berryhill, 36 Minn. 117, 30 N. W. 436, it was held that an appeal from a judgment signed by the court but taken the day before the judgment was actually filed and entered by the clerk was premature, and therefore the appeal was dismissed. The reasoning of the court in Humphrey v. Havens, 9 Minn. 301 (318) applies to an order granting or denying a new trial as far as being ineffective upon which to limit the time to appeal until it is filed with the clerk. See also Hodgins v. Heaney, 15 Minn. 142 (185). In Levine v. Barrett & Barrett, 83 Minn. 145, 85 N. W. 942, 87 N. W. 847, the court assumes that the order granting a new trial is to be entered or filed by the clerk to be effective as to the parties; and in Elliott v. Retail H. M. F. Ins. Co. 181 Minn. 573, 233 N. W. 316, the filing of the order is spoken of as essential in order to predicate a notice thereon from the adverse party. Plaintiff cites Aetna Ins. Co. v. Swift, 12 Minn. 326 (437), but the question now before us was not there involved. The appeal must be held taken in time.

The notice for the new trial and the order granting it with attached memorandum are made part of the motion to dismiss. The grounds assigned for a new trial were both errors of law and insufficiency of the evidence to support the verdict. The order grant-

ing a new trial states no ground for granting the same, but this memorandum is subjoined:

"I am of the opinion that the court erred in the trial of this action in giving the instruction that 'the burden of proving suicide is not placed upon the company by the contract but by the law, and it is not necessary for the company to prove the intent of the insured to take his own life if the facts and circumstances surrounding his death permit the inference that it was suicide,' which instruction was duly excepted to by the plaintiff and that upon this ground a new trial of this action should be granted."

Nowhere does the court state that the order was granted exclusively for errors of law as required by G. S. 1923 (2 Mason, 1927) § 9498(4), as amended by L. 1931, p. 284, c. 252, Mason, 1931 Supp. § 9498(4).

Doubting the appealability of the order, briefs were requested and furnished by the parties upon the point, and upon consideration thereof the conclusion is reached that the order is not appealable. It is sufficient to cite Kramer v. Bennett, 174 Minn. 606, 219 N. W. 291, where prior decisions are noted. Among subsequent cases are Cook v. Byram, 178 Minn. 230, 226 N. W. 699; Thompson v. C. & N. W. Ry. Co. 178 Minn. 232, 226 N. W. 700; Bakkensen v. Minneapolis St. Ry. Co. 180 Minn. 344, 230 N. W. 787; Hudson-Duluth Furriers, Inc. v. McCullough, 182 Minn. 581, 235 N. W. 537; Spicer v. Stebbins, 184 Minn. 77, 237 N. W. 844. The last case cited determines that L. 1931, p. 284, c. 252, Mason, 1931 Supp. § 9498(4), (the good practice suggested in the McCullough case enacted into law) did not obviate the requirement that to make an order granting a new trial appealable the trial judge must expressly state in the order or accompanying memorandum that it was granted exclusively for errors of law.

The appeal is dismissed.