## HOMER T. WATERHOUSE v. HENRY BRANDEN AND ANOTHER.[1]

June 8, 1951.

No. 35,562.

[1]Reported in 48 N. W. (2d) 330.

*John Kukowske, Jr.,* and *Wattam, Vogel, Vogel & Bright,* for relators.

*Bradford & Kennedy,* for respondent.

PER CURIAM.

Mandamus to require the district court for Wadena county to vacate and set aside an order granting a new trial in an automobile negligence case.

Relators are the defendants and respondent is the plaintiff in an action arising out of a collision between plaintiff's automobile and a truck operated by one of the defendants and owned by the other defendant. Plaintiff brought suit in the district court for Wadena county for personal injuries and property damage sustained by reason of said collision. Defendants answered denying plaintiff's allegations of negligence and alleged contributory negligence on the part of plaintiff. The defendant truck owner counterclaimed for personal injuries and property damage sustained in the accident.

The case was tried before the Honorable Byron R. Wilson and a jury. The jury returned a verdict for defendants on plaintiff's claim and found for plaintiff on the counterclaim. Thereafter, plaintiff moved for a new trial upon the grounds (1) that the verdict was not justified by the evidence; (2) that the verdict was contrary to law; (3) errors of law occurring at the trial; (4) that the interests of justice required a new trial; and (5) that on the evidence substantial justice had not been done. After hearing, the trial court granted plaintiff's motion and on March 26, 1951, filed the order here involved vacating and setting aside the verdict of the jury and granting a new trial. In its order, after reciting the nature of plain-

tiff's motion, the time and place of hearing, and the appearance of counsel, the trial court stated:

"It was then made to appear that the verdict is not justified by the evidence and is contrary to law. This court was and is of the opinion that justice has not been done and that a new trial should be had. Now then, on plaintiff's motion aforesaid—

"It is ordered that the verdict received and filed herein be vacated and set aside, and that a new trial be and the same is hereby granted."

On April 4, 1951, defendants obtained from this court an alternative writ of mandamus to require the trial court to vacate and set aside the order granting a new trial. In their petition for the writ defendants contend (1) that the trial court's order is void for the reason that it was not accompanied by a memorandum stating the reasons therefor as required by M. S. A. 547.01; (2) that "on its face the said Order appears to have been made wholly without justification but solely as an arbitrary and capricious act of the said District Court"; (3) that except for the existence of said void order, defendants are entitled to the entry of a judgment on the verdict; (4) that under the law and in furtherance of justice it is the duty of the Honorable Byron R. Wilson to vacate and set aside said order and thereby permit entry of judgment forthwith for defendants, but that he has failed to do so; and (5) that said order is not an appealable order for the reason that it is void, and that therefore the only remedy available to defendants is a writ of mandamus compelling the vacating and setting aside of said order.

In its answer to the alternative writ of mandamus, the trial court stated that accompanying its order and contained therein is the memorandum of the court stating its reasons for granting a new trial, as follows:

"It was then made to appear that *the verdict is not justified by the evidence and is contrary to law.* This Court was and is of the

opinion that justice has not been done and that a new trial should be had." (Italics supplied.)

The trial court further stated that said order was made in the exercise of its judicial discretion and authority to grant a new trial and that it fully complied with the provisions of § 547.01; that no motion or application had been made to the court by defendants to vacate or set aside said order, nor had defendants made any motion or application for a clarification or amendment of said order, or for an explanation or amplification thereof; and that the court's order granting a new trial was in the interests of justice and in all things just and proper.

■ We find no merit in defendants' contention that the order in question is void. The order recites on its face the trial court's reasons for granting a new trial, namely, "that the verdict is not justified by the evidence and is contrary to law." Both of these grounds were asserted in plaintiff's motion for a new trial.

Section 547.01 provides in part as follows:

"A verdict, * * * *may* be vacated, and a new trial granted, on motion of an aggrieved party, for *any* of the following causes materially affecting his rights, except that no order shall be issued granting a new trial unless accompanied by a *memorandum stating reasons therefor:*

\* \* \* \* \*

"(7) *That the verdict, * * * is not justified by the evidence, or is contrary to law;* but, unless it be so expressly stated in the order granting a new trial, it shall not be presumed, on appeal, to have been made on the ground that the verdict, * * * was not justified by the evidence." (Italics supplied.)

In our opinion, the order of the trial court satisfies the requirements of the statute.

■ There is nothing before us to support defendants' contention that the trial court was not justified in granting a new trial on

either of the grounds stated. Although the order is not appealable,[2] it is expressly authorized by § 547.01. Mandamus will not lie to control judicial discretion or to compel a particular exercise of judgment or discretion. § 586.01; 4 Dunnell, Dig. & Supp. § 5753, and cases cited under notes 90 and 94.

Accordingly, the alternative writ of mandamus heretofore issued is quashed.

So ordered.

[2]Under § 605.09(4), relating to appeals to this court, an appeal may be taken to this court by the aggrieved party only "from an order granting a new trial if the court expressly states therein, or in a memorandum attached thereto, that the order is based exclusively upon errors of law occurring at the trial, and upon no other ground; and the court shall specify such errors in its order or memorandum, * * *."

