## BERNARD VOLLER v. E. J. SCHMITZ.[1]

March 7, 1952.

No. 35,636.

*Fred J. Hughes,* for appellant.

*Raymond Scallen* and *Quigley, Quigley & Murphy,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court denying defendant's motion for judgment notwithstanding the verdict and granting a new trial unless plaintiff should consent to a reduction of the verdict from $15,000 to $5,000. The appeal was taken by plaintiff from the

[1]Reported in 52 N. W. (2d) 289.

whole of said order. We are considering only the appeal from the order granting a new trial. Obviously, plaintiff would not be appealing from that part of the order denying defendant's motion for judgment notwithstanding the verdict.

The action was brought by plaintiff against defendant, a physician and surgeon residing in Stearns county, arising out of the alleged negligence of defendant in connection with medical and surgical services rendered to plaintiff. The case was tried before a jury, which returned a verdict of $15,000 in favor of plaintiff. Thereafter, defendant made a motion for judgment notwithstanding or a new trial. The court denied defendant's motion for judgment notwithstanding the verdict, but granted his motion for a new trial "exclusively for errors of law occurring at the trial and upon no other ground," unless, within 20 days after the service of the order upon plaintiff's attorney, plaintiff should file with the clerk of the district court his consent to a reduction of the verdict to $5,000. The order further stated:

"* * * inasmuch as the Court finds that the verdict of the jury is grossly excessive and unwarranted and appears to have been rendered under the influence of mistake, passion and prejudice, and if the plaintiff files a consent to the reduction of the verdict to $5,000.00 within said period of twenty days after service of said notice, then defendant's motion for a new trial will be deemed denied."

Attached to the order and made a part thereof was a memorandum to the effect that the trial court was of the opinion that plaintiff had failed to prove malpractice on the part of defendant; that there was no testimony that defendant had violated the standards of practice in the community; and that the verdict had as its support only possibility, conjecture, and speculation. However, the memorandum went on to state that there was evidence in the case which might justify the jury in finding that plaintiff suffered some pain and incurred some inconvenience during the period of treatment following the first operation which he might not have suffered if it had been possible for defendant to attend him frequently, al-

though the record showed that he did attend plaintiff when requested and on other occasions. In concluding, the court stated in the memorandum that the verdict was grossly excessive and was a clear indication of either mistake, passion, or prejudice on the part of the jury.

M. S. A. 605.09 provides that an appeal may be taken—

"from an order granting a new trial if the court expressly states therein, or in a memorandum attached thereto, that the order is based exclusively upon errors of law occurring at the trial, and upon no other ground; and the court shall specify such errors in its order or memorandum, * * *."

It is not the purport of the statute to permit an appeal from an order granting a new trial after verdict except in the instance stated. In Thompson v. Mann, 202 Minn. 318, 319, 278 N. W. 153, this court said:

"* * * In order to render the order granting a new trial appealable, the order or the memorandum must expressly state that the new trial is granted exclusively for errors of law occurring at the trial, and the alleged errors of law upon which the order is based must be expressly stated therein. Spicer v. Stebbins, 184 Minn. 77, 237 N. W. 844; Backstrom v. New York L. Ins. Co. 187 Minn. 35, 244 N. W. 64; Olson v. Heise, 197 Minn. 441, 267 N. W. 425; Kelly v. Bowman, 201 Minn. 365, 276 N. W. 274."

Neither the order nor the memorandum here expressly states the alleged errors of law upon which the order is based. It is apparent from both the order and the memorandum that the trial court's reason for granting a new trial was because the court was not satisfied with the amount of the verdict and considered it grossly excessive. The court thereupon granted a new trial unless plaintiff should accept a reduction in the verdict within a limited time. This was not an error of law occurring at the trial, but was an exercise of the trial court's discretion to grant a new trial. Thompson v. Mann, *supra.*

It is our opinion that the court did grant defendant's motion for a new trial; that the alleged errors of law upon which the court based its order have not been expressly stated in compliance with the requirements of the statute; therefore, that the order granting the new trial is not appealable.

Plaintiff's appeal is dismissed.

MR. JUSTICE CHRISTIANSON took no part in the consideration or decision of this case.