# LOUESA C. WEATHERHEAD v. GOTTLIEB F. BURAU.[1]

July 18, 1952.

No. 35,827.

See, Weatherhead v. Burau, 238 Minn. ——, 55 N. W. (2d) 703.
*Meagher, Geer & Markham, Arthur B. Geer,* and *O. C. Adamson, II,* for appellant.
*Harold J. Sorensen* and *Carroll & Thorson,* for respondent.

PER CURIAM.

Plaintiff moves to dismiss an appeal by defendant from an order granting plaintiff a new trial on the ground that the order is not appealable.

The facts essential to a determination of the motion under consideration are not in dispute. In an action involving personal injuries alleged to have been sustained by plaintiff as the result of defendant's negligence, the case was submitted to the jury at 12:53 p. m. on November 1, 1951. At ten o'clock the following morning, the jury returned a sealed verdict, pursuant to the court's instructions, in favor of defendant, showing that a unanimous verdict had

---

[1]Reported in 54 N. W. (2d) 570.

been reached at 7:15 the preceding evening. Upon being polled, one of the jurors stated that, while she had agreed to the verdict at the time it was signed by the foreman, she had changed her mind during the night and that the verdict was not her verdict. The verdict was received and filed by the court. Thereafter, a motion for a new trial was made by plaintiff, based upon the alleged error of the court in receiving the verdict and upon other grounds. On February 23, 1952, the court made and filed its order granting a new trial "upon the grounds that said verdict was a nullity." In a memorandum attached to the order, and expressly made a part thereof, the court, after discussing the law relating to the validity of a verdict such as the one under consideration, said:

"The other assignments of error have been thoughtfully considered and are believed to be without merit.

"The new trial is being granted on the sole grounds that the verdict in the opinion of the Court was a nullity."

Notice of the entry of the order was served on February 25, 1952. Notice of appeal was served on March 21, 1952. Thereafter, on April 25, on motion of defendant, the court attempted to amend the last paragraph of its order granting a new trial so as to read as follows:

"The new trial is being granted on the sole ground that the verdict, in the opinion of the Court, was a nullity and that, therefore, plaintiff's motion is granted exclusively upon that error of law occurring at the trial in the accepting and recording of the.verdict by the Court."

The motion now before us is based upon the ground that the original order is not appealable under M. S. A. 605.09 and that the court lacked jurisdiction to amend the order after the time for appealing had expired.

Section 605.09, as far as here pertinent, provides:

"An appeal may be taken to the supreme court by the aggrieved party in the following cases:

\* \* \* \* \*

"(4) * * * from an order granting a new trial if the court expressly states therein, or in a memorandum attached thereto, that the order is based exclusively upon errors of law occurring at the trial, and upon no other ground; and the court shall specify such errors in its order or memorandum, * * *."

In its memorandum, the trial court clearly sets forth its reasons for the conclusion arrived at. It disposed of all grounds of the motion for a new trial as meritless, except only the error in receiving the verdict. Finally, the memorandum states expressly that the "new trial is being granted *on the sole grounds* that the verdict * * * was a nullity." (Italics supplied.) It clearly appears from the order and the memorandum that the appeal presents only rulings upon questions of law. G. N. Ry. Co. v. Becher-Barrett-Lockerby Co. 200 Minn. 258, 274 N. W. 522.

While deviation from the statutory language is not to be encouraged, where the order or memorandum expressly shows that a new trial was granted exclusively upon errors of law occurring at the trial and upon no other ground, the order is appealable, even though the exact language of the statute is not followed. It must appear that no element of judicial discretion was exercised. Miller v. County of Steele, 162 Minn. 85, 202 N. W. 68. The language used here, while not the exact language of the statute, clearly shows that the new trial was granted exclusively upon errors of law occurring at the trial and effectively eliminates any grounds that might involve the exercise of judicial discretion; hence, it sufficiently complies with the statute and is appealable. Consequently, the motion to dismiss should be and is denied.

In view of our conclusion that the original order is appealable, we need not determine whether the court legally could amend the order after the time for appealing had expired.

Motion denied.