ALOIS VON BANK v. K. R. MAYER AND OTHERS.[1]

June 19, 1953.

No. 36,104.

*Warren B. King* and *Clark MacGregor,* for appellants.
*C. L. Nelson* and *Carroll I. Thorson,* for respondent.

[1]Reported in 59 N. W. (2d) 307.

DELL, JUSTICE.

The matter before us is a motion to dismiss the appeal of the defendants, Earl Lomis and Stanley L. Rybus, from the amended order of the district court of Scott county granting plaintiff's motion for a new trial. This is a personal injury action in which there was a verdict in favor of the defendants, Lomis and Rybus, the action having been dismissed as to the defendant, K. R. Mayer, during the course of the trial.

Plaintiff moved for a new trial claiming (1) irregularity in the proceedings of the court whereby the plaintiff was deprived of a fair trial; (2) accident or surprise which could not have been prevented by ordinary prudence; (3) errors of law occurring at the time of the trial; and (4) that the verdict is contrary to law. The motion enlarges upon the errors in greater detail and deals with the allowance of peremptory challenges, the ownership of the automobile involved in the accident, the dismissal of the action as to the defendant Mayer, and the polling of the jury.

The court made and entered its amended order granting plaintiff's motion for a new trial, and in doing so it attached a memorandum assigning as the reason for its order certain irregularities occurring both before and during the trial of the case which it stated constituted a clear abuse of discretion on the part of the court. Particular mention is made in the memorandum of what the court designates as an irregularity, namely, the granting of defendants' six peremptory challenges in selecting the jury; and the memorandum points out that originally there was a denial by the defendant Mayer as to the ownership of the automobile involved in the accident and that, after he was allowed three peremptory challenges, the case was dismissed as to him. The memorandum also states that there may be other irregularities and errors of law appearing in the transcript of which the court is not then presently cognizant. Nowhere in the order or in the memorandum is it stated that the order is based exclusively upon errors of law occurring at the trial and upon no other ground, nor did the court specify in its order or memorandum the errors or irregularities which con-

stituted a clear abuse of discretion on the part of the court other than in generalities.

Plaintiff contends that this is a nonappealable order and with this contention we agree.

M. S. A. 605.09(4) authorizes an appeal from an order granting a new trial providing the court expressly states in the order or in a memorandum attached to the order that the order for a new trial is based exclusively upon errors of law occurring at the trial and upon no other ground; and the statute requires that the court shall specify such errors in its order or memorandum.

We have held in a number of cases that "In order to render the order granting a new trial appealable, the order or the memorandum must expressly state that the new trial is granted exclusively for errors of law occurring at the trial, and the alleged errors of law upon which the order is based must be expressly stated therein."[2]

In the case of Weatherhead v. Burau, 237 Minn. 325, 326, 54 N. W. (2d) 570, neither the order granting the new trial nor the memorandum stated that the order granting the new trial was based exclusively upon errors of law occurring at the trial and upon no other ground; however, the memorandum of the trial court stated:

"The new trial is being granted on the sole grounds that the verdict in the opinion of the Court was a nullity."

We there held that it clearly appeared from the order and the memorandum that the appeal presented only rulings upon questions of law: The opinion states (237 Minn. 327, 54 N. W. [2d] 571):

"While deviation from the statutory language is not to be encouraged, where the order or memorandum expressly shows that a new trial was granted exclusively upon errors of law occurring at the trial and upon no other ground, the order is appealable, even

[2]Thompson v. Mann, 202 Minn. 318, 319, 278 N. W. 153; Spicer v. Stebbins, 184 Minn. 77, 237 N. W. 844; Backstrom v. New York L. Ins. Co. 187 Minn. 35, 244 N. W. 64; Olson v. Heise, 197 Minn. 441, 267 N. W. 425; Kelly v. Bowman, 201 Minn. 365, 276 N. W. 274; Voller v. Schmitz, 236 Minn. 155, 52 N. W. (2d) 289.

though the exact language of the statute is not followed. It must appear that no element of judicial discretion was exercised."

This rule is not to be extended. Either the statutory language must be set forth in the order or memorandum and the alleged errors of law specified or it must clearly appear that the new trial was granted exclusively upon specified errors of law occurring at the trial and upon no other ground. It must clearly appear that no element of judicial discretion was exercised. If there is the slightest doubt at all, the order is not appealable.

In the case now before us the new trial was granted for irregularities occurring both before and during the trial which the court stated constituted a clear abuse of discretion on the part of the court. Particular mention was made of the irregularity in allowing the defendants six peremptory challenges in selecting the jury. The order granting a new trial, however, was not limited to that ground. Moreover, in assigning reasons for a new trial, the court stated that there might be other irregularities appearing in the transcript without specifying what they were. This is not a case for the application of the rule announced in the case of Weatherhead v. Burau, *supra*. It cannot be said that it clearly appears that no element of judicial discretion was exercised in granting the new trial.

Trial courts should comply with the statute strictly by expressly stating in the order or memorandum that the order for a new trial is based exclusively upon errors of law occurring at the trial and upon no other ground where such is the case, and the order or memorandum should specify the errors for which the new trial is granted. The court should make it clearly appear that no element of judicial discretion was exercised. Fairness to counsel and to this court requires that this be done.

Appeal dismissed.