# ELNORA SMITH v. ILLINOIS CENTRAL RAILROAD COMPANY.[1]

February 18, 1955.

No. 36,566.

*Burnquist, Helsell & Burnquist* and *Catherwood, Hughes & Alderson,* for appellant.

*James A. Dooley* and *Plunkett & Plunkett,* for respondent.

CHRISTIANSON, JUSTICE.

Action is brought by plaintiff to recover damages under the Federal Employers' Liability Act for death by wrongful act of plaintiff's decedent allegedly caused by the negligence of defendant.

[1] Reported in 68 N. W. (2d) 638.

The jury returned a verdict for defendant, and plaintiff moved for a new trial upon the ground, among others, that the verdict was not justified by the evidence and is contrary to law. Thereafter, the trial court entered its order granting plaintiff's motion for a new trial "upon the ground and for the reason that the verdict of the jury is not justified by the evidence." The defendant then made an alternative motion to vacate the order granting a new trial, or for a rehearing on plaintiff's motion for a new trial, or in the event the foregoing be denied that the trial court issue a memorandum explaining the grounds and reasons for its order granting a new trial. This motion was in all things denied, and defendant appeals from both of said orders and the whole thereof.

Plaintiff moves to dismiss defendant's appeal on the ground that neither of said orders is appealable. M. S. A. 605.09 provides in part as follows:

"An appeal may be taken to the supreme court by the aggrieved party in the following cases:

\* \* \* \* \*

"(4) \* \* \* from an order granting a new trial if the court expressly states therein, or in a memorandum attached thereto, that the order is based exclusively upon errors of law occurring at the trial, and upon no other ground; and the court shall specify such errors in its order or memorandum, \* \* \*;"

In the instant case, the trial court's order granting plaintiff's motion for a new trial merely states:

"It Is Ordered that said motion be and the same hereby is granted upon the ground and for the reason that the verdict of the jury is not justified by the evidence."

Rule 59.01 of Rules of Civil Procedure supersedes § 547.01 and insofar as here material provides:

"A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes:

\* \* \* \* \*

"(7) The verdict \* \* \* is not justified by the evidence, or is contrary to law; but, unless it be so expressly stated in the order

granting a new trial, it shall not be presumed, on appeal, to have been made on the ground that the verdict \* \* \* was not justified by the evidence."

■ The right of appeal is governed by statute in this state. 1 Dunnell, Dig. (3 ed.) § 283. An appeal from an order granting a new trial is not authorized except where such order is based exclusively upon errors of law occurring at the trial and the trial court expressly states in its order or memorandum the reason for and the grounds upon which such new trial is granted. 1 Dunnell, Dig. (3 ed.) § 300. Since the order granting plaintiff's motion for a new trial expressly states that said motion was granted "upon the ground and for the reason that the verdict of the jury is not justified by the evidence," it is clear that this order is not appealable and the appeal therefrom must be dismissed. See, Noren v. Hankee, 241 Minn. 379, 63 N. W. (2d) 43; Von Bank v. Mayer, 239 Minn. 492, 59 N. W. (2d) 307; cf. Schaumburg v. Ludwig, 240 Minn. 128, 60 N. W. (2d) 12; Karnofsky v. Wells-Dickey Co. 183 Minn. 563, 237 N. W. 425.

■ Moreover, an order refusing to vacate a nonappealable order is generally not appealable because that which cannot be done directly cannot be done indirectly.[2] 1 Dunnell, Dig. (3 ed.) § 304; see, Cunningham, *Appealable Orders in Minnesota,* 37 Minn. L. Rev. 309, 362. It follows that the order denying defendant's motion to vacate the order granting a new trial and for the alternative relief therein requested is also nonappealable. Compare Waterhouse v. Branden, 234 Minn. 351, 48 N. W. (2d) 330, with State ex rel. Weiss v. Moriarty, 203 Minn. 23, 279 N. W. 835.

Defendant's contention that the trial court, having granted a new trial on the grounds of the insufficiency of the evidence to support the jury's verdict for defendant, has thereby in effect granted plaintiff a directed verdict on the issue of liability is wholly untenable in view of the fact that the new trial was ordered as to all issues

---

[2] There is an exception to the general rule where the first order is nonappealable *only* because made upon ex parte application. See, Chapman v. Dorsey, 230 Minn. 279, 41 N. W. (2d) 438, 16 A. L. R. (2d) 1015.

and not restricted to the issue of damages only. Furthermore, we find no merit in defendant's assertion that the provisions of § 605.09 are violative of Minn. Const. art. 3, § 1, and art. 6, § 2.

The motion to dismiss the appeal is granted.

Appeal dismissed.