ELLEN S. ANDERSON v. ALTON G. JENNIE
AND ANOTHER.

80 N. W. (2d) 41.

December 21, 1956—No. 36,774.

*Thomas J. Battis* and *Murnane & Murnane,* for appellants.
*John E. Harrigan,* for respondent.

DELL, CHIEF JUDGE.

Defendants appeal from an order granting plaintiff a new trial in a personal injury action in which there was a verdict for the defendants. Plaintiff claims that the order is nonappealable. We shall first consider that question since, if plaintiff is right, the appeal must be dismissed and it becomes unnecessary to consider the various other contentions of the parties.

In its instructions the court submitted to the jury the issue of plaintiff's contributory negligence and more particularly the ques-

tion of whether plaintiff had assumed the risk of riding with her husband, who was driving the automobile at the time of the accident and who was then, and for some time had been, partially disabled because of a back injury.

■ Plaintiff moved for a new trial upon the ground that the evidence was not sufficient to sustain a verdict based on assumption of risk; that neither contributory negligence nor assumption of risk was pleaded as a defense nor litigated by consent, and that, therefore, the court erred in submitting those issues to the jury. The motion was granted, the order stating that it was granted "solely and exclusively for errors of law occurring at the trial of said cause." Thereafter that order was vacated to permit defendants to move to amend their answer to include the defense of contributory negligence and assumption of risk so as to conform to what defendants claimed the evidence established at the trial. Upon consideration, that motion was denied, and the previous order, granting a new trial, was reinstated. A memorandum was attached to each order in which the court gave its reasons for the order so made.

M. S. A. 605.09 provides:

"An appeal may be taken to the supreme court by the aggrieved party in the following cases:

\* \* \* \* \*

"(4) \* \* \* from an order granting a new trial if the court expressly states therein, or in a memorandum attached thereto, that the order is based exclusively upon errors of law occurring at the trial, and upon no other ground; *and the court shall specify such errors in its order or memorandum, \* \* \*.*" (Italics supplied.)

In construing this statute in Weatherhead v. Burau, 237 Minn. 325, 327, 54 N. W. (2d) 570, 571, we stated:

"While deviation from the statutory language is not to be encouraged, where the order or memorandum expressly shows that a new trial was granted exclusively upon errors of law occurring at the trial, and upon no other ground, the order is appealable, even though the exact language of the statute is not followed. It must appear that no element of judicial discretion was exercised."

In discussing the foregoing rule of the Weatherhead case we said in Von Bank v. Mayer, 239 Minn. 492, 495, 59 N. W. (2d) 307, 308:

"This rule is not to be extended. Either the statutory language must be set forth in the order or memorandum and the alleged errors of law specified or it must clearly appear that the new trial was granted exclusively upon *specified* errors of law occurring at the trial and upon no other ground. *It must clearly appear that no element of judicial discretion was exercised. If there is the slightest doubt at all, the order is not appealable.*" (Italics supplied.)

The rule stated in the Von Bank case was reaffirmed by this court in Noren v. Hankee, 241 Minn. 379, 63 N. W. (2d) 43. From what has been said it is clear that there can no longer be any doubt as to what this statute means. If, in analyzing the order or memorandum or both, there is the slightest doubt as to whether judicial discretion was exercised in granting the new trial, then the order is not appealable irrespective of the language used in the order.[1]

■ Plaintiff contends that, notwithstanding the wording of the order now before us, it appears from the memoranda attached to the orders that the court did exercise its discretion in granting the new trial, or at least, that the question of the exercise of discretion is in doubt. If either contention is true, the appeal must be dismissed.

While the complaint alleged that plaintiff's injuries were caused "solely and proximately" by reason of the defendants' negligence and the answer alleged that if plaintiff sustained injury or damage it "was caused by reason of negligence on the part of persons other than the defendants," the answer did not affirmatively allege assumption of risk as required by Rule 8.03 of the Rules of Civil Procedure, or as this court, prior to the adoption of said rules, indicated should be done.[2]

---

[1]See, also, Voller v. Schmitz, 236 Minn. 155, 52 N. W. (2d) 289, where it was held that the new trial was granted as an exercise of discretion by the trial court, and the appeal was dismissed notwithstanding that the order granting the new trial stated that the motion was granted "exclusively for errors of law occurring at the trial and upon no other ground."

[2]Schrader v. Kriesel, 232 Minn. 238, 45 N. W. (2d) 395.

When plaintiff's husband was testifying as a witness at the trial, defendants, in cross-examination, developed, for the purpose of showing "his ability to drive," that he had "difficulty in getting up on the witness stand" and was assisted in doing so by two people; also that he had been in that condition since the previous April, some 10 months before the trial. No effort was made by the plaintiff to meet this testimony by showing that the physical condition of her husband did not interfere with his ability to drive an automobile. On this state of the record, the court submitted to the jury, as one of the issues, the question of whether plaintiff assumed the risk of riding in the automobile driven by her husband. The submission of this issue was excepted to by plaintiff following the charge. Plaintiff moved for a new trial, assigning as one ground of error the submission of the issue of plaintiff's assumption of risk. As a part of her motion, an affidavit was submited in which it was claimed that plaintiff was taken by surprise in having this issue submitted to the jury; that she was not prepared to meet that issue at the time of the trial since it had not been pleaded as an affirmative defense; that it was not litigated by consent; and that if there were a new trial she would produce 10 witnesses, naming them, who would testify that they had ridden in an automobile with her husband since he received the injuries to his back, that his condition did not interfere with his driving, and that he was, in all respects, fully capable of driving an automobile. As previously pointed out, defendants insisted that the issue of assumption of risk was properly submitted to the jury since, so they claimed, the issue had not only been sufficiently pleaded under the allegations above quoted, but had been litigated by consent.

In the memorandum attached to the first order granting plaintiff a new trial, the court, after expressing doubt as to the soundness of the impression which it had at the time of the trial that the answer sufficiently pleaded the defense of contributory negligence as based on assumption of risk, stated:

"* * * We have concluded that *in the interest of justice that doubt should be resolved* in plaintiff's favor and hence we admit

error of law in the particulars stated and accordingly have granted a new trial exclusively on that ground." (Italics supplied.)

In the memorandum attached to the second order in which it commented upon the propositions raised by defendant's motion that "2. It is not necessary to plead contributory negligence or assumption of risk when it appears from the plaintiff's own case" and "3. Variance between pleading and proof is not important if there is no prejudice to opposing parties" the court stated:

"It appears to us that to grant defendant's motion Nos. 2 and 3 [quoted in the foregoing paragraph] would require the Court to grant a new trial in order not to foreclose the plaintiff from the opportunity of rebutting the defensive issue of contributory negligence."

From what the court stated in the memoranda it would appear that the court, notwithstanding the wording of the orders themselves, did exercise discretion in granting plaintiff a new trial; that in particular it granted a new trial in the exercise of its discretion rather than to rule that the issue of assumption of risk was litigated by consent or to permit defendants' answer to be amended to include that defense so as to conform to the evidence at the trial "in order not to foreclose the plaintiff from the opportunity of rebutting the defensive issue of contributory negligence" as based on assumption of risk. In any event, it cannot be said that it clearly appears that no element of judicial discretion was exercised. The appeal must, therefore, be dismissed.

Appeal dismissed.