## LARAMIE MOTORS, INC. v. FLOYD W. LARSON.

92 N. W. (2d) 803.

November 7, 1958—No. 37,477.

*Lipschultz, Altman, Geraghty & Mulally* and *Roger Lenzmeier,* for appellant.

*Mahoney & Mahoney* and *Wayne G. Popham,* for respondent.

MATSON, JUSTICE.

Appeal in an action for damages from an order setting aside the verdict for defendant and granting plaintiff's motion for a new trial on the sole issue of damages.

This is an action for damages resulting from a collision on the night of January 24, 1953, between plaintiff's Ford station wagon, which had been stolen and abandoned on the highway, and defendant's Buick. Defendant testified that at approximately 2:20 a. m., while driving to his home in Excelsior, Minnesota, he came to one of the low areas or dips in Highway No. 7 where the fog was most dense and that he did not see the abandoned station wagon in the far right-hand lane until almost upon it. It is unnecessary to consider the evidence presented to

the jury since the appeal must be dismissed as having been taken from a nonappealable order.

The jury's verdict was for defendant. Plaintiff moved for an order setting aside the verdict and granting a new trial on the sole issue of damages. This appeal is from the order granting plaintiff's motion.

■ Although the issue of appealability has not been stressed, this court cannot confer jurisdiction upon itself by ignoring it.[1]

■ The order of the trial court setting aside the jury's verdict for defendant and granting a new trial for plaintiff on the sole issue of damages, in effect, determined the liability of defendant as a matter of law and is, therefore, the equivalent of an order granting judgment on the issue of liability notwithstanding the verdict and a new trial on the issue of damages.

An order granting judgment notwithstanding the verdict is a non-appealable order.[2] Likewise, an order granting a new trial (on all issues) is a nonappealable order except, as M. S. A. 605.09(4) so clearly provides, where such order is based *exclusively* upon errors of law occurring at the trial and the trial court expressly states in its order or memorandum that such errors of law are the sole grounds for the new trial and then specifies such errors.[3] Nor is an order granting a new trial on the sole issue of damages an appealable order.[4] Such an order was formerly declared by dictum to be an appealable order in Lundblad v. Erickson, 180 Minn. 185, 230 N. W. 473, but this dictum of the Lundblad case was clearly repudiated by Roelofs v. Baber, 194 Minn. 166, 259 N. W. 808, and has not been followed since, notwithstanding

[1]See, Luethi v. Stanko, 240 Minn. 380, 61 N. W. (2d) 522; 1 Dunnell, Dig. (3 ed.) § 465.

[2]Sanderson v. N. P. Ry. Co. 88 Minn. 162, 92 N. W. 542, 60 L. R. A. 403; Cunningham, *Appealable Orders in Minnesota,* 37 Minn. L. Rev. 309, 331.

[3]Smith v. Illinois Cent. R. Co. 244 Minn. 52, 68 N. W. (2d) 638; Von Bank v. Mayer, 239 Minn. 492, 59 N. W. (2d) 307; 1 Dunnell, Dig. (3 ed.) § 300.

[4]Roelofs v. Baber, 194 Minn. 166, 259 N. W. 808; Marty v. Nordby, 201 Minn. 469, 276 N. W. 739; Thiesen v. Hellermann, 242 Minn. 218, 64 N. W. (2d) 762.

the dictum in Zywiec v. City of South St. Paul, 234 Minn. 18, 26, 47 N. W. (2d) 465, 470, stating that such an order ordinarily is appealable.

Had the order in this case set aside the verdict for defendant and granted a new trial solely because of errors of law occurring at the trial, defendant could have immediately appealed the order and obtained a review of the trial court's basis for granting a new trial. Damrow v. Zauner, 236 Minn. 447, 53 N. W. (2d) 139. Whether the granting of a new trial on the sole issue of damages would also be so reviewable, if granted exclusively for errors of law occurring at the trial, need not be decided here for (1) the order in this case did not state expressly that the limited new trial was granted exclusively for errors of law; and (2) the order could not so state for the granting of a new trial on the ground that the verdict is not justified by the evidence clearly is not an error of law occurring at the trial.[5]

Nor can this order be held appealable on the theory that this is an appeal from the "whole order" as set forth in Snyder v. Minnetonka & White Bear Navigation Co. 151 Minn. 36, 39, 185 N. W. 959, 960, where an order granting judgment notwithstanding the verdict when blended with an alternative motion for a new trial was held to be an appealable order when the appeal was from the "whole order."[6] An appeal from a "whole order" is appealable only when that part of the order dealing with the new trial is itself appealable. As stated in Schaumburg v. Ludwig, 240 Minn. 128, 130, 60 N. W. (2d) 12, 13:

"* * * when two nonappealable orders are embodied into one, the fact that they are so blended does not give them an appealable character."

Defendant, in arguing that this is an appealable order, relies solely on dictum found in Zywiec v. City of South St. Paul, 234 Minn. 18, 47 N. W. (2d) 465. That case involved two separate actions, each involving a claim for injunctive relief and a claim for damages, arising out of an alleged nuisance caused by low-flying airplanes over plaintiff's

[5]Smith v. Illinois Cent. R. Co. 244 Minn. 52, 68 N. W. (2d) 638; Drcha v. G. N. Ry. Co. 178 Minn. 286, 226 N. W. 846.

[6]See, Cunningham, *Appealable Orders in Minnesota,* 37 Minn. L. Rev. 309, 363 to 367.

property. At the first trial, the jury returned a verdict for defendant. The trial judge, however, made findings of fact, conclusions of law, and order for judgment, wherein he stated that it had been agreed that (234 Minn. 23, 47 N. W. [2d] 468) "the issue of damages would be tried before the jury and the other issues, including the issues of law, by the Court without a jury." The judge's findings of fact and conclusions of law concluded that defendant city had deprived plaintiffs of the partial use and enjoyment of their property and that, therefore, defendant was liable in damages to plaintiffs, and a new trial on the issue of damages was granted. Judgment was entered pursuant thereto. Defendant did not seek a review of the judgment but, instead, proceeded with the new trial on the issue of damages. On defendant's appeal from an order denying his alternative motion for judgment notwithstanding the verdict or for a new trial, made after the trial on the issue of damages, this court stated that defendant's failure to seek a review of the first trial judge's order finding liability (notwithstanding a jury's verdict for defendant) and granting a new trial on the sole issue of damages amounted to an acquiescence in the trial court's finding of liability. Defendant argues that this dictum is authority that the order in this case (where all issues were tried before a jury), setting aside the jury's verdict and granting a new trial on the issue of damages, is an appealable order. We cannot agree with this analysis. In the Zywiec case, there were separate claims for injunctive relief and for damages. The trial court's final determination of liability affected both claims. The issue of liability was tried by the court; the issue of damages was tried by the jury. Following the trial court's finding of liability, judgment was entered. It is from this judgment fixing liability that defendant could have appealed.

In the instant case, the issues of liability and damages were not separate claims tried separately, nor was any judgment entered following the trial court's order. Thus, the Zywiec case is not authority for the contention that an order setting aside a jury's verdict and granting a new trial on the sole issue of damages is, in this state, an appealable order.

It is not to be overlooked that Rule 54.01 of Rules of Civil Procedure defines a judgment to be "the final determination of the rights of the

parties in an action or proceeding." Significantly, under this rule we have the following comment in 3 Youngquist & Blacik, Minnesota Rules Practice, p. 36:

"The definition of 'judgment' is that established by Minnesota court decisions. It does not include an order from which an appeal lies. An interlocutory summary judgment authorized by Rule 56.03 and the partial determination authorized by Rule 56.04 is not a judgment as defined by this rule."

In Wright, Minnesota Rules, p. 306, the author states:

"* * * Since it [Rule 54.01] states that a judgment is a 'final determination of the rights of the parties,' partial summary judgments, under Rule 56.04, and summary judgments on the issue of liability alone, under Rule 56.03, are not technically 'judgments' and are not appealable as such."[7]

We hold, therefore, that an order granting a motion to set aside a verdict in favor of defendant and granting a new trial on the sole issue of damages is not appealable. Any dictum to the contrary in Lundblad v. Erickson, 180 Minn. 185, 230 N. W. 473, or in Zywiec v. City of South St. Paul, 234 Minn. 18, 47 N. W. (2d) 465, is expressly overruled.

Defendant's appeal must be and is hereby dismissed as having been taken from a nonappealable order.[8]

Appeal dismissed.

---

[7]For Federal decisions under corresponding sections of the Federal rules, see Biggins v. Oltmer Iron Works (7 Cir.) 154 F. (2d) 214; Leonard v. Socony-Vacuum Oil Co. Inc. (7 Cir.) 130 F. (2d) 535; Russell v. Barnes Foundation (3 Cir.) 136 F. (2d) 654.

[8]See Lundblad v. Erickson, 180 Minn. 185, 230 N. W. 473, for procedure that was followed in a similar case.