## CURTIS R. KELSEY v. CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY.

114 N. W. (2d) 90.

March 23, 1962—No. 38,407.

*Stringer, Donnelly & Sharood* and *Richard A. Rohleder,* for appellant.

*Yaeger & Yaeger* and *J. H. Hill,* for respondent.

PER CURIAM.

Defendant appeals from an order of the trial court setting aside a jury verdict in its favor and granting a new trial. The only direct reference in the order to the basis for the trial court's decision is contained in the following language:

"* * * and the court being of the view that an error of law was committed by the court in failing to instruct the jury with respect to the applicability of Section 616.01, M. S. A., as requested by plaintiff's counsel.

"IT IS THEREFOR HEREBY ORDERED, that the verdict of the jury in the above-entitled action, returned herein on the 3rd day of November, 1960, be and the same is hereby vacated and set aside, and a new trial upon all issues is hereby granted."

With a commendable spirit of helpfulness the trial court added a memorandum explaining, in substance, the narrowing effect that a specific instruction on the statute in question might have had on the issues submitted to the jury. When the language employed in both the order and memorandum is fairly considered to determine appealability, there remains some doubt that the order "is based exclusively upon errors of law occurring at the trial, and upon no other ground."[1] The plaintiff neither made a motion to dismiss the appeal nor challenges appealability in his brief. In fact, upon interrogation at oral argument plaintiff joined defendant in urging a consideration on the merits of the appeal. Moreover, plaintiff vigorously urges affirmance of the order, not only upon the grounds expressed by the trial court, but on the ground of prejudicial reception of certain evidence relating to the issue of damages, a decision involving the exercise of judicial discretion.

To enable us to accept jurisdiction we are faced with three alternatives: (1) Accepting appellate jurisdiction upon stipulation of the parties; (2) concluding that although the language of the order and memorandum does not expressly negative any exercise of judicial discretion, nevertheless, it was intended to be based solely and exclusively upon errors of law and upon no other ground; or (3) overruling numerous decisions of this court construing Minn. St. 605.09, which uniformly and repeatedly hold that an order granting a new trial must expressly and unequivocally state that the new trial was granted exclusively upon errors of law occurring at the trial and negative any grounds which might involve the exercise of judicial discretion even though the exact language of the statute is not used. Seorum v. Marudas, 216 Minn. 364, 12 N. W. (2d) 779.[2]

---

[1]Minn. St. 605.09. "An appeal may be taken to the supreme court by the aggrieved party in the following cases:

\*  \*  \*  \*  \*

"(4) * * * from an order granting a new trial if the court expressly states therein, or in a memorandum attached thereto, that the order is based exclusively upon errors of law occurring at the trial, and upon no other ground; and the court shall specify such errors in its order or memorandum, * * *."

[2]See, also, Pust v. Holtz, 134 Minn. 266, 159 N. W. 564; Miller v. County of Steele, 162 Minn. 85, 202 N. W. 68; Backstrom v. New York

Manifestly we cannot accept any of the alternatives. It is axiomatic that jurisdictional deficiencies, appellate or otherwise, cannot be cured by agreement of the parties. Neither, as indicated above, are we satisfied that the order of the trial court was clearly intended to be based exclusively upon errors of law. Finally, it would be wholly inconsistent with the proper administration of justice to indulge in judicial rulemaking, case by case, in the light of a clear and longstanding legislative regulation and especially in a field, involving a multitude of considerations, in which the entire bench and bar and the public have a vital concern. Thus, mindful of the reoccurring difficulties we have experienced with this problem and of the differing opinions regarding the desirability of the appeal statute in question, we must adhere strictly to our former decisions that a deficiency in the language of the order or memorandum or both cannot be supplied by interpretation or construction.

In view of the absence of a motion to dismiss and of the fact that oral arguments on the merits of the appeal have now been presented, we choose to remand the order to the trial court with directions to advise us, with or without notice to the parties, of the basis of the order consistent with the plain language and repeated construction of Minn. St. 605.09.

Order remanded with directions.

---

Life Ins. Co. 187 Minn. 35, 244 N. W. 64; Weatherhead v. Burau, 237 Minn. 325, 54 N. W. (2d) 570; Satter v. Turner, 257 Minn. 145, 100 N. W. (2d) 660; Kubinski v. Speckman, 261 Minn. 475, 113 N. W. (2d) 173. Compare the language of L. 1945, c. 463, where the words "and upon no other ground" were added, with Minn. St. 1941, § 605.09(4).