LOIS KOENIGS, AS TRUSTEE OF CAUSE OF ACTION
ARISING OUT OF DEATH OF HENRY J. KOENIGS,
v. LEON WERNER AND ANOTHER.

116 N. W. (2d) 73.

June 15, 1962—No. 38,436.

*Patrick W. Fitzgerald, John E. Castor,* and *Moonan & Moonan,* for appellant.

*Baudler & Baudler,* for respondent.

MURPHY, JUSTICE.

This case is before us on appeal from the trial court's order granting the plaintiff's motion for a new trial. Since we determine that the order is not appealable and the proceedings here must be dismissed, only a brief reference to the facts and procedural history is necessary.

The plaintiff, Lois Koenigs, as trustee of the cause of action arising out of the death of Henry J. Koenigs, brought an action against the defendants, Leon Werner and Robert Ahrens, for the death by wrongful act of Henry J. Koenigs. Werner answered the complaint denying liability and cross-claimed against Ahrens. Ahrens answered the complaint denying liability and cross-claimed against Werner. The action and cross-claims were tried in the same proceeding.

The accident involved occurred in rural Mower County at the intersection of County Roads Nos. 6 and 18. Defendant-appellant Werner was driving north on County Road No. 18. The plaintiff's decedent was his passenger. County Road No. 18 is protected at its intersection with County Road No. 6 by "Yield Right of Way" signs. At this point Werner was proceeding at a speed of about 55 or 60 miles per hour. The defendant-respondent Ahrens was driving a truck west on County Road No. 6. The roadways intersect at right angles. The automobiles collided within the intersection. Questions of common-law negligence, statutory negligence for violation of traffic laws, and proximate cause were submitted and decided by special verdict as follows:

"Question No. 1: Was the defendant Leon Werner negligent in the driving of the Ford automobile?

"Answer: Yes.

"If your answer is yes, you will then answer question No. 2; if no, you will not answer question No. 2.

"Question No. 2: Was such negligence a proximate cause of the collision?

"No.

"Question No. 3: Was the defendant Robert Ahrens negligent in the driving of the Dodge pickup truck?

"Yes.

"If your answer is yes, you will then answer question No. 4; if no, you will not answer question No. 4.

"Question No. 4: Was such negligence a proximate cause of the collision?

"Yes.

"Question No. 5: What damages did the plaintiff, Lois Koenigs, as trustee, sustain?

"$25,000.

"Question No. 6: What damages did the defendant Leon Werner sustain?

"$1,000.

"Question No. 7: What damages did the defendant Robert Ahrens sustain?

"$—."

The plaintiff thereafter moved for judgment notwithstanding the verdict or in the alternative for a new trial, and defendant-respondent Ahrens moved for a new trial on all issues. The defendant-appellant Werner opposed these motions.

After arguments on the motions the court made its order as follows:

"It is ordered that the motion of the defendant Robert Ahrens be and the same hereby is denied.

"It is ordered that the motion of the plaintiff for judgment notwithstanding the special verdict be and the same hereby is denied.

"It is ordered that the motion of the plaintiff for a new trial be and the same hereby is granted with respect to the issue of proximate cause only relating to the defendant Leon Werner, and it is further ordered that the answer of the jury to Question No. 2 be and the same hereby is vacated."

In a memorandum, which was not made a part of the order to which it was attached, the trial court said:

"In the instant case the defendant Ahrens entered the intersection at or about the same time as the defendant Werner, and the defendant Ahrens was required to yield the right-of-way by the yield sign, and

his failure to maintain a lookout, and his failure to yield the right-of-way constituted a concurrent and contributing cause of the collision, as was said in the Haugen case.

\* \* \* \* \*

"\* \* \* In the present case the defendant Werner had such right-of-way as was given him by the 'Yield Right-of-way' sign. 169.201. His rights were substantially the same as one having the directional right-of-way at an uncontrolled intersection. It is believed the Haugen case [Haugen v. Dick Thayer Motor Co. 253 Minn. 199, 91 N. W. (2d) 585] is controlling and that the negligence of this defendant was a proximate cause of the collision as a matter of law.

\* \* \* \* \*

"As to the defendant Werner, the jury found that he was negligent, and further found that such negligence was not a proximate cause of the collision. The findings of the jury as to damages and as to the negligence of defendant Werner are well supported by the evidence, and should stand. The plaintiff should have a new trial as to the issue of proximate cause."

■ We agree with the plaintiff-respondent that this is not an appealable order. Minn. St. 605.09 provides in part:

"An appeal may be taken to the supreme court by the aggrieved party in the following cases:

\* \* \* \* \*

"(4) \* \* \* or from an order granting a new trial if the court expressly states therein, or in a memorandum attached thereto, that the order is based exclusively upon errors of law occurring at the trial, and upon no other ground; and the court shall specify such errors in its order or memorandum, but upon appeal, such order granting a new trial may be sustained for errors of law prejudicial to respondent other than those specified by the trial court."

It requires no argument to establish that the trial court exercised his discretion in granting a new trial. So much has been said on this subject in recent cases that it is necessary only for us to observe that an order granting a new trial is not appealable where the granting

involves the exercise of any element of judicial discretion and is therefore not based exclusively upon errors of law occurring at the trial. McMillen v. Meyer, 246 Minn. 132, 136, 74 N. W. (2d) 393, 396; Weatherhead v. Burau, 237 Minn. 325, 327, 54 N. W. (2d) 570, 571; Satter v. Turner, 257 Minn. 145, 100 N. W. (2d) 660; Laramie Motors, Inc. v. Larson, 253 Minn. 484, 92 N. W. (2d) 803; Anderson v. Jennie, 248 Minn. 369, 80 N. W. (2d) 41; Smith v. Illinois Central R. Co. 244 Minn. 52, 68 N. W. (2d) 638; Von Bank v. Mayer, 239 Minn. 492, 59 N. W. (2d) 307; Voller v. Schmitz, 236 Minn. 155, 52 N. W. (2d) 289; Kelsey v. Chicago, R. I. & P. R. Co. 262 Minn. 219, 114 N. W. (2d) 90.

2. The appellant contends that the trial court's order is arbitrary, unjust, and perverse.[1] The principal thrust of his argument is that it was arbitrary and unfair for the trial court to grant a new trial on the sole ground of proximate cause. In the recent case of Kelsey v. Chicago, R. I. & P. R. Co. 262 Minn. 219, 114 N. W. (2d) 90, we said that a deficiency in the language of the order granting a new trial or the memorandum accompanying it cannot be supplied by interpretation or construction. Although we are without jurisdiction to pass upon the merits of the points raised by the appellant, we may, in the interest of obviating further expense and litigation, make certain observations. The trial court has the undoubted power to grant a new trial on one of several issues when it is distinct from the others so that justice does not demand a retrial on all the issues. Rule 59.01 of Rules of Civil Procedure provides in part:

"A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes:

* * * * *

"(8) The verdict, decision, or report is not justified by the evidence, or is contrary to law; but, unless it be so expressly stated in

---

[1] In contending that the order is perverse the appellant claims that by vacating the jury's answer to question No. 2 of the special verdict the court has put appellant in a position where he is exposed to liability on the new trial and at the same time is permitted to retain the right to a judgment against the defendant Ahrens in the sum of $1,000.

the order granting a new trial, it shall not be presumed, on appeal, to have been made on the ground that the verdict, decision, or report was not justified by the evidence."

This rule was intended to prevent the retrial of any issue already properly decided and to limit any new trial to only those issues incorrectly decided or not decided at all. In Sleeter v. Progressive Assur. Co. 191 Minn. 108, 115, 253 N. W. 531, 535, we said:

"* * * The practice of excluding from a new trial issues which have been determined satisfactorily upon a fair trial, when such exclusion will not result in prejudice, finds approval in our cases."

See, also, Ertsgaard v. Bowen, 183 Minn. 339, 237 N. W. 1; Propper v. Chicago, R. I. & P. R. Co. 237 Minn. 386, 54 N. W. (2d) 840, 35 A. L. R. (2d) 459. In the Propper case we approved the granting of a new trial upon the question of damages only where the issue of the defendant's liability has been fairly and fully tried. We there said (237 Minn. 406, 54 N. W. [2d] 852):

"* * * Where the evidence of defendant on the issue of liability is such that it appears unlikely that a different result would be reached upon a new trial, the issue of liability should not be relitigated, unless there is a substantial reason for doing so, even though a new trial is necessary on the issue of damages."

This court is inclined to the view that the practice of permitting a partial new trial should not be followed unless it clearly appears that the issue to be retried is distinct and separable and that the trial of that issue alone may be had without injustice.[2] Here we have an intersection accident where the issue of liability may involve the closely related elements of proximate cause and negligence of the parties. On reconsideration, before the retrial, the court may consider the advisability of modifying its order so as to require retrial on the general issue of liability.

---

[2]Yates v. Dann (D. Del.) 11 F. R. D. 386, 392; Darbrow v. McDade (3 Cir.) 255 F. (2d) 610, 611; Martin v. Payton (W. D. Ky.) 20 F. R. D. 200, 203; Indamer Corp. v. Crandon (5 Cir.) 217 F. (2d) 391, 394; Atlantic Coast Line R. Co. v. Bennett (4 Cir.) 251 F. (2d) 934, 938.

86

The other points raised in the briefs do not require discussion. Appeal dismissed.

OTIS, JUSTICE (concurring specially).

I concur. However I do not deem it inappropriate to suggest that if a new trial is granted on the issue of proximate cause only, the verdict cannot be sustained, since there is no way of determining what negligence the first jury found to which the second jury must address itself.