## CLARENCE J. MERTEN v. RAYMOND R. DeZURIK.

165 N. W. (2d) 243.

February 21, 1969—Nos. 41263, 41264.

*John F. Fletcher,* for appellant.

*Frank G. Dehn, Howard I. Donohue,* and *Donohue & Donohue,* for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

PER CURIAM.

The trial court, in this personal injury action, directed a verdict against defendant-appellant on the issue of liability, but submitted the issue of plaintiff's damages to the jury. The jury returned a verdict for plaintiff in the amount of $500 although the asserted special damages, vigorously contested by the defendant, were approximately $4,300 and the uncontroverted medical testimony indicated that plaintiff had sustained a 10-percent permanent partial disability of his back.

The trial court granted plaintiff's motion for a new trial on the jury

---

they conflict with the welfare of the children. State ex rel. Waslie v. Waslie, 277 Minn. 446, 152 N. W. (2d) 755.

issue of damages. The order specified that the motion was granted on the ground of misconduct of a juror.

We hold that the order granting a new trial, from which this appeal has been taken, is not appealable as of right.[1] Granting a new trial for jury misconduct is a discretionary order and not an order "based exclusively upon errors of law occurring at the trial," the prescribed condition for an appeal of right from an order granting a new trial. Rule 103.03(e), Rules of Civil Appellate Procedure. See, also, Koenigs v. Werner, 263 Minn. 80, 116 N. W. (2d) 73.

Appeal dismissed.

---

[1] Defendant subsequently moved to vacate the order granting a new trial and to reinstate the verdict, and has additionally appealed from the order denying that motion. An order refusing to vacate a nonappealable order, which undertakes to accomplish indirectly what cannot be done directly, is likewise nonappealable. See, Smith v. Illinois Cent. R. Co. 244 Minn. 52, 68 N. W. (2d) 638.